■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 10, 1982, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

A jury verdict against a defendant must be affirmed if, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319). At the trial, Miguel Pena, a grocery store clerk who had waited on the defendant on several occasions, unequivocally identified him as one of the men who had robbed him at gunpoint on April 23, 1981. The defendant was well known to the victim as a regular patron of the store in which he worked. In fact, the defendant had come into the store and been served by the witness as recently as five days before the robbery. The witness was particularly certain of his identification in view of a distinguishing characteristic of the defendant's—a defective eye which appeared to be blind or crossed. The incident occurred on a clear day under optimum lighting conditions. Pena saw the defendant's face "from the beginning" and recognized him right away.

Upon telephoning 911 to report the robbery, Pena informed the police that he knew one of the individuals who had robbed him and that that individual had a problem with his eye. Although the other eyewitness to the crime was unable to identify the perpetrators, Pena's unobstructed opportunity to observe, coupled with his ability to recognize the defendant's distinctive feature, established the defendant's identity beyond a reasonable doubt. The victim's testimony is credible *(see, People v Johnson,* 57 NY2d 969, 971).

The validity of the complainant's unequivocal identification of the defendant is not fatally impugned by the fact that he might have stated in the police complaint report, contrary to his trial testimony, that two guns were used in the robbery, or by the fact that his initial physical description of the defendant may not have been entirely accurate. As the People aptly note, Pena's recognition was not dependent upon the defendant's height or whether or not he was armed with a weapon. Rather, Pena's identification was predicated upon the defendant's distinctive physical characteristic, which the witness had noticed before the robbery in the course of his previous contacts with the defendant in the grocery store.

The defendant's objection to the manner of the in-court identification, whereby the complaining witness left the stand and directly approached the defendant, has not been preserved for appellate review as a matter of law inasmuch as no objection was made to this procedure at trial. In any event, this procedure was not prejudicial inasmuch as there was no practical difference, given the certainty of the victim's identification in this case, between pointing to the defendant from the witness stand and approaching him directly. Nor did it constitute prejudicial error for the court to order the defendant to remove his dark glasses and display his eye to the jurors. This procedure was necessary in order to enable the jurors to ascertain the credibility of the victim's assertion that he recognized the defendant on the basis of that distinguishing characteristic.

The record fails to support the defendant's claims that the trial court prevented defense counsel from developing an effective cross-examination, improperly supplied information to the jury or assumed a prosecutorial role by eliciting incriminating testimony damaging to the defendant *(cf. People v Tucker,* 89 AD2d 153).

It was not error for the trial court to allow the prosecutor to introduce rebuttal evidence to a defense witness's alibi testi-

mony. The defense witness testified several times that the defendant was with her on April 23, 1981, the date of the robbery, for the entire day. She further testified that she specifically remembered this particular date because she was in the hospital and had been scheduled to have an operation, but that the operation was rescheduled to a future date. The prosecutor then offered hospital records in evidence showing that although the witness's operation had been rescheduled at an earlier date, she did in fact undergo the operation on April 23, and was released on April 24. Such evidence was not extrinsic proof of a collateral matter, but was, rather, related to an error in the defense witness's testimony which involved a material issue, i.e., the defendant's whereabouts on April 23. Inasmuch as it was "independently admissible to impeach the witness" *(People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846), the subject evidence was properly introduced.

While it may have been error for the trial court to allow admission of a portion of a "sprint tape" containing a recording of the complainant's telephone call to 911, which only served to bolster the complainant's testimony, such error was harmless in view of the overwhelming evidence of the defendant's guilt, including the strong identification testimony by the victim, and in view of the fact that there was no significant probability that the jury would have acquitted the defendant had it not been for the bolstering testimony *(see, People v Johnson,* 57 NY2d 969, *supra; People v Bishop,* 111 AD2d 398).

We have reviewed the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.