■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 18, 1986, convicting him of rape in the first degree (four counts), rape in the second degree (four counts), sodomy in the first degree (two counts), sodomy in the second

degree (two counts), assault in the third degree, sexual abuse in the first degree (three counts) and sexual abuse in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In this case in which the defendant was charged with raping and sodomizing his 13-year-old stepdaughter on three separate occasions the defendant contends that the trial court erred in admitting evidence of a prior Family Court proceeding. The record reveals, however, that he acquiesced in the curative instructions given by the court. As a consequence, the issue is not preserved for appellate review *(see, People v Medina,* 53 NY2d 951, 953; *People v Corley,* 140 AD2d 536; *People v Jalah,* 107 AD2d 762). In any event, we conclude that the instruction had the intended curative effect *(see, People v Arce,* 42 NY2d 179).

The purported impropriety of permitting the prosecutor to elicit evidence of past attacks by the defendant on his wife was, likewise, unpreserved for appellate review. In any case, we conclude that this evidence was probative of the victim's state of mind and relevant to prove that the defendant used forcible compulsion *(see, People v Barlow,* 88 AD2d 668, 669). The testimony rebutting the defendant's alibi elicited by the prosecution was also properly admissible. The testimony related to an error in the defense witness's testimony, which involved a material issue in the case (i.e., the whereabouts of the defendant on the day of one of the alleged rapes); it was therefore not collateral *(see, People v Schwartzman,* 24 NY2d 241; *People v Green,* 121 AD2d 739, *lv denied* 68 NY2d 813).

Finally, the defendant failed to properly object at trial to the prosecutor's opening and closing statements and thus failed to preserve the issue of the propriety of those statements for review *(see, People v Balls,* 69 NY2d 641, 642). In any event, since defense counsel in summation directly questioned the complainant's veracity, the prosecutor's comments were not unreasonable *(see, People v Colon,* 122 AD2d 151, *lv denied* 68 NY2d 810). Moreover, the prosecutor's characterization of the crimes in question did not deprive the defendant of a fair trial given the overwhelming proof of defendant's guilt *(see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.