■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FINLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin J.), rendered March 5, 1984, convicting him of robbery in the first degree (four counts), and unlawful imprisonment in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Agresta, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On May 4, 1982, the Jersey City Police Department received an anonymous call informing them that meat was being sold from a van bearing license plate number YLN-586 at the corner of Clairmont and Bergen Avenues. Selling meat from a vehicle is prohibited by New Jersey statutes. Upon investigating, a police officer found the described van traveling on Clairmont Avenue and motioned to the driver to pull over. In the several blocks the van traveled before coming to a stop, the officer observed the two passengers ducking down in their seats out of the officer's view. Neither the driver of the van, later identified as the codefendant Larry Brown, nor the passengers, later identified as the defendant Anthony Finley and codefendant Carlos Calamease, could produce a license, vehicle registration or an insurance card as required by New Jersey statutes. The offenders and the van were taken into custody. A subsequent search of the van produced a billfold taken during the robbery of a Wendy's restaurant two days earlier in Queens.

On appeal the defendant argues that the initial stop and ensuing search of the van was unlawful. We disagree. Initially

we note that because the defendant did not own the van and did not demonstrate any reasonable expectation of privacy in the van or any possessory interest in the item seized, he lacks standing to challenge the search (see, People v Ponder, 54 NY2d 160). In any event, the record supports the hearing court's conclusion that the Jersey City police authorities had probable cause to place the defendants and the van in custody and to conduct a search of the van without a warrant. Accordingly, the stolen billfold was properly admitted into evidence at the trial.

Although the testimony by the investigating detective concerning the lineup identifications made by four of the victims of the robbery constituted improper bolstering (see, People v Trowbridge, 305 NY 471), the error was not properly preserved for appellate review (see, People v West, 56 NY2d 662). In any event, under the circumstances of this case, the error was harmless. In light of the strong identification testimony of four victims who viewed the defendants in well-lit areas for the approximately 20-minute duration of the robbery, there was no significant probability that but for the bolstering testimony the defendant would have been acquitted (see, People v Johnson, 57 NY2d 969; People v Ramos, 136 AD2d 574, lv denied 71 NY2d 972).

We further find no merit to the defendant's challenge to the trial court's refusal to give a missing witness charge regarding the prosecutor's failure to call the fifth victim of the robbery to testify. The defendant, as the party requesting the charge, failed to sustain his burden in the first instance of showing that the witness would be expected to provide noncumulative relevant testimony favorable to the prosecution (see, People v Gonzalez, 68 NY2d 424).

We have examined the remaining contentions advanced by the defendant and find them to be unpreserved for appellate review and, in any event, the errors alleged do not warrant reversal. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.