**Tony VELASQUEZ,**
**Petitioner–Appellant,**

v.

**Arthur A. LEONARDO, Superintendent,**
**Great Meadow Correctional Facility, et**
**al., Respondents–Appellees.**

**No. 799, Docket 89–2192.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 16, 1990.

Decided March 7, 1990.

**8**

Steven A. Feldman, Hauppauge, N.Y. (Feldman and Feldman, of counsel), for petitioner-appellant.

Robyn G. Nir, Brooklyn, N.Y., Asst. Dist. Atty., Kings County (Charles J. Hynes, Dist. Atty., Kings County, Jay M. Cohen, Asst. Dist. Atty., of counsel), for respondents-appellees.

Before FEINBERG, CARDAMONE and WINTER, Circuit Judges.

PER CURIAM:

Petitioner-appellant Tony Velasquez appeals from a judgment of the United States District Court for the Eastern District of New York, Charles P. Sifton, J. In a memorandum and order issued in April 1989, Judge Sifton denied petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellant is incarcerated under a judgment of the New York State Supreme Court, Kings County, convicting him, after a jury trial, of four counts of rape in the first degree, four counts of rape in the second degree, two counts of sodomy in the first degree, two counts of sodomy in the second degree, assault in the third degree, four counts of sexual abuse in the first degree and four counts of sexual abuse in the second degree, all arising out of the sexual abuse of his thirteen-year-old step-daughter, Sara Rivas (complainant). Appellant was sentenced to two consecutive terms of imprisonment of seven and one-half to fifteen years, and various lesser concurrent terms. Velasquez appealed to the Appellate Division, Second Department, claiming error in: (1) the trial court's admission of evidence that the charges on trial had already been determined adversely to him in a Family Court proceeding; (2) the admission of testimony that defendant had previously assaulted his wife; (3) the prosecutor's conduct during his opening statement and in summation; and (4) the admission of the State's rebuttal testimony to impeach defendant's alibi witness. In June 1988, the Appellate Division affirmed the conviction. *People v. Velasquez*, 141 A.D.2d 882, 530 N.Y.S.2d 208 (2d Dept. 1988). In August 1988, appellant's motion for leave to appeal to the New York Court of Appeals was denied. *People v. Velasquez*, 72 N.Y.2d 926, 532 N.Y.S.2d 860, 529 N.E.2d 190 (1988).

In October 1988, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. In this petition, appellant repeated the same claims that were raised in his state court brief to the Appellate Division. The district court found that the Appellate Division had explicitly relied on a procedural bar in denying appellant's

first three claims, and that, with regard to his fourth claim, the Appellate Division had implicitly done so. Nevertheless, the district court went on to examine the merits of each of appellant's claims, considering federal habeas review to be available because "the appellate division ruled upon petitioner's claims in the alternative, addressing both the procedural bar and the merits." The district court then ruled against appellant on the merits of all four federal claims.

■ As a threshold matter, we must determine whether federal habeas review is available regarding any of appellant's federal claims. Appellant argues that because the Appellate Division ruled on his claims in the alternative, addressing both the state procedural bar and the substantive merits, his federal claims are open for reconsideration on federal habeas review. The State responds that the district court improperly reviewed the merits on appellant's first three claims, since the Appellate Division explicitly found that these claims were not preserved for appellate review, in addition to finding that they were, in any event, without merit. See N.Y.Crim.Proc.Law § 470.05(2) (contemporaneous objection rule).

The Supreme Court has recently made clear that appellant's position on the effect of a state court's alternative procedural holding is incorrect. In *Harris v. Reed,* — U.S. —, 109 S.Ct. 1038, 1044 n. 10, 103 L.Ed.2d 308 (1989), the Court noted:

a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.

Under *Harris,* federal habeas review is precluded "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." Id. The rule that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim," id. 109 S.Ct. at 1043, applies, absent a showing of cause for the default and resulting prej-

udice, see *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), or a demonstration that failure to consider the federal claim will result in a " 'fundamental miscarriage of justice.' " *Murray v. Carrier,* 477 U.S. 478, 495, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (quoting *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982)). Appellant has not attempted to make either showing. Accordingly, we are barred from reaching the merits of his first three federal claims, under the ruling in *Harris* that federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim.

We do, however, reach the merits of appellant's fourth claim. Although it may be possible, as the district court indicated, to "infer[ ] from the context in which the appellate court addressed the issue that the court found the procedural bar to govern this claim as well," federal habeas review is foreclosed only where "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris,* 109 S.Ct. at 1043 (citations omitted). There was no such clear and express statement by the Appellate Division with regard to the fourth claim.

■ Appellant argues that the state trial court improperly allowed the prosecution, on its rebuttal case, to impeach the credibility of his alibi witness on a collateral issue regarding the date of a party, which the witness had only ventured, after establishing the alibi, as a subsidiary reason for why she recalled the day that appellant was with her. Appellant contends that this evidentiary error cut to the heart of his alibi defense, in view of his contention that he did not have the opportunity to rape complainant, and thus rose to the level of constitutional error.

The Appellate Division indicated that this testimony was not collateral and was therefore properly admissible, since it "related to an error in the defense witness's testimony, which involved a material issue in the case (i.e., the whereabouts of the defen-

dant on the day of one of the alleged rapes)." *Velasquez,* 141 A.D.2d at 883, 530 N.Y.S.2d 208. The district court also considered that the testimony was "directly relevant to the issue of whether petitioner committed the alleged crimes." We agree. "[W]hen a witness testifies concerning a fact material to the case, he may be contradicted either by cross-examination or by introduction of other evidence." *People v. Schwartzman,* 24 N.Y.2d 241, 246, 299 N.Y.S.2d 817, 247 N.E.2d 642, cert. denied, 396 U.S. 846, 90 S.Ct. 103, 24 L.Ed.2d 96 (1969). The rebuttal testimony was offered by the State to refute defendant's contention that he did not have the opportunity to rape complainant because he was with the witness on the day in question; the testimony thus involved the material issue of defendant's whereabouts on that day. See *People v. Green,* 121 A.D.2d 739, 740–41, 504 N.Y.S.2d 460 (1986). Appellant claims, however, that in *Green* the extrinsic evidence demonstrated that the testimony of the alibi witness was fabricated, whereas here the extrinsic evidence proves only that the alibi witness had a faulty recollection on the collateral issue of the event that jogged her memory. We do not find persuasive appellant's effort to distinguish *Green.*

The judgment of the district court is affirmed.