■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND METZ, Also Known as STANFORD WHITE, Appellant. —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered March 16, 1983, convicting him of attempted murder in the second degree, robbery in the first degree (seven counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree (two counts), criminal use of a firearm in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the first degree, assault in the second degree, reckless endangerment in the first degree, and unlawful imprisonment in the first degree (two counts), under indictment No. 2538/82, and sodomy in the first degree (three counts) and sexual abuse in the first degree, under indictment No. 2539/82, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial (Dufficy, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The hearing court properly determined that the defendant lacked standing to challenge the search and seizure of the car

in which he was found sleeping at the time of his arrest. The hearing record shows that on July 22, 1982, the defendant and codefendant, after robbing and injuring a New York City public school teacher and her friend, drove off in the friend's car. On the following day, a Pennsylvania State Trooper received a radio broadcast that a car bearing a New York registration number was spotted moving erratically on the Pennsylvania Turnpike. The Trooper later discovered the car, with the defendant and the codefendant, parked in a rest area off the Turnpike, and, prior to carrying out any search or seizure, ascertained from official sources that the car had been reported stolen. Neither the defendant nor the codefendant could produce an ownership registration. The defendant stated that the car belonged to a friend. A subsequent search of the car revealed weapons, ammunition, and money. It is settled that a defendant seeking to challenge a search and seizure is required to demonstrate a legitimate expectation of privacy (see, People v Wesley, 73 NY2d 351, 356-360; People v Ponder, 54 NY2d 160; People v Finley, 145 AD2d 434). Contrary to the defendant's contention, the record amply demonstrates the absence of any legitimate expectation of privacy in the car which he had stolen (see, People v Finley, supra; People v Gonzalez, 115 AD2d 73, 78, affd 68 NY2d 950).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.