■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Appellant. [761 NYS2d 229] —Judgment,

Supreme Court, New York County (Bonnie Wittner, J.), rendered December 9, 1999, convicting defendant of two counts each of robbery in the first and second degrees, and sentencing him to an aggregate term of 12 years, unanimously affirmed.

The court properly denied defendant's motion to suppress his statement to the police that he was acquainted with the other two suspects in the robberies. There is no evidence that defendant invoked his right to remain silent; on the contrary, defendant expressly agreed to answer questions (*see People v Morton*, 231 AD2d 927, 928 [1996], *lv denied* 89 NY2d 944 [1997]; *see also Davis v United States*, 512 US 452 [1994]). Viewing the detective's testimony as a whole, we conclude that his notation of "No statement" on a police form meant only that defendant denied any involvement in the robberies.

The court properly denied defendant's motion to suppress photographic and lineup identifications, since neither was unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Defendant failed to preserve his argument that the photo array was rendered unduly suggestive by the fact that he was the only person in the array with cornrows, a type of braided hairstyle (*see People v Tutt*, 38 NY2d 1011 [1976]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the photo array was fair because all of the persons depicted had braided hairstyles of various kinds, and because there was no evidence at the hearing that any witness had described defendant as having cornrows (*see People v Jackson*, 98 NY2d 555, 559 [2002]; *compare People v Moore*, 143 AD2d 1056 [1988], *lv denied* 75 NY2d 773 [1989]).

As for the lineup, the participants were generally similar in appearance. Several fillers were similar in height to defendant, and any height difference was minimized by the fact that they were all seated. When a witness asked to view defendant standing, each person in the lineup stood and approached the window separately, so as to minimize any height comparison, and, in any event, the witness had already picked out defendant when he was sitting with the fillers (*see People v Ramos*, 136 AD2d 574, 575 [1988], *lv denied* 71 NY2d 972 [1988]). The difference in hairstyle between defendant and the fillers was minimized by the fact that they all wore hats, and defendant's assertion that his cornrows could be seen despite his hat is pure speculation.

The challenged portion of the prosecutor's summation drew a reasonable inference from the evidence, in fair response to a defense argument, and was not unduly speculative (*see People v Shaw*, 228 AD2d 291 [1996], *lv denied* 91 NY2d 1012 [1998]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Mazzarelli, Saxe, Rosenberger and Friedman, JJ.