■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANFORD BELL, Appellant. [796 NYS2d 464]—

Appeal from a judgment of the Supreme Court, Erie County

(Joseph S. Forma, J.), rendered May 7, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and criminal trespass in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and criminal trespass in the third degree (§ 140.10 [a]). Defendant failed to preserve for our review his contention that the photo array was unduly suggestive because he was the only subject therein with protruding eyes (*see People v Tutt*, 38 NY2d 1011, 1012-1013 [1976]; *People v Johnson*, 306 AD2d 214, 215 [2003], *lv denied* 100 NY2d 621 [2003]). In any event, the People met their initial burden of establishing the reasonableness of the police conduct in the pretrial identification procedure, and defendant failed to meet his ultimate burden of proving that the photo array was unduly suggestive (*see People v Jackson*, 98 NY2d 555, 559 [2002]). There was no testimony at the suppression hearing that the witnesses had described defendant as having protruding eyes (*see Johnson*, 306 AD2d at 215). Defendant's further contention that the conviction of criminal trespass is not supported by legally sufficient evidence is not preserved for review (*see People v Gray*, 86 NY2d 10, 19 [1995]), and the sentence is not unduly harsh or severe. We have examined defendant's contentions in the pro se supplemental brief and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.