(July 22, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND H. ALEXANDER, Appellant.—Appeal from a judgment of the Albany County Court, rendered June 14, 1975, upon a verdict convicting defendant of attempted rape and sexual abuse in the first degree.[1] The uncontradicted testimony of the complainant indicates that while standing beside her stalled automobile in the City of Albany early in the morning of October 8, 1974, she was dragged at knifepoint by the defendant into his nearby basement apartment. During the following hour and a half, he forcibly stripped her of all clothes and underclothes, excepting only her skirt. After his constant demands for sexual intercourse were refused, defendant removed his own clothes and dragged the virtually naked complainant to his bed. As she was leaning over the bed, being pulled, complainant and defendant struggled for a knife. She managed to stab him with it and escape. The jury found defendant guilty of sexual abuse in the first degree (Penal Law, § 130.65) and attempted rape in the first degree (Penal Law, §§ 130.35, 110.00). He attacks the attempted rape conviction on the ground the instructions to the jury as to what constitutes an attempt were erroneous. The court instructed "Now, as far as an attempt to commit a crime, such as the attempt to commit rape * * * the Penal Law defines as follows: 'A person is guilty of an attempt to commit a crime when with intent to commit a crime he engages in conduct which tends to effect the commission of such crime.' Now, the mere planning of a crime is not sufficient to constitute an attempt; you must find that the defendant actually took a step in the furtherance of the commission of the crime." After an hour of deliberation, the instructions on attempted rape were repeated at the jury's request. After two additional hours of deliberation the verdict was returned. Even though defendant did not protest the charge at either time, he had made a request to charge on this point which was not adopted by the court, thus preserving the question of law for review (CPL 470.05). The first sentence of the instruction quoted above is the definition of attempt set out in section 110.00 of the Penal Law. It is certainly correct as far as it goes. But, the final phrase, since it clearly implies that *any* step in furtherance of the crime is sufficient to support conviction, is erroneous. The leading New York case on criminal attempt, *People v Rizzo* (246 NY 334), was decided under a statutory definition of attempt equivalent to the present statute. Rizzo and three companions, two of whom were armed, patrolled in an automobile looking for a bank messenger they intended to rob. Before finding him, they were arrested. In reversing a conviction of attempted robbery, the Court of Appeals held that not just any overt act leading up to the crime was sufficient to constitute an attempt. "The law, however, has recognized that many acts in the way of preparation are too remote to constitute the crime of attempt. The line has been drawn between those acts which are remote and those which are proximate and near to the consummation. The law must be practical, and, therefore, consider those acts only as tending to the commission of the crime which are so near to its

---

1. The question of what sentences were imposed, although not raised on appeal, is unclear from the record. The sentences noted in passing in defendant's brief differ from those apparently imposed by the trial court. Upon inquiry by the court with the Department of Correctional Services, still different sentences are indicated. It is suggested that the Albany County District Attorney clarify this matter with the Department of Correctional Services.

accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference." *(People v Rizzo, supra,* pp 336–337.) This view that something more than *any* act in furtherance of the crime is necessary has been expressed by the Court of Appeals in varying words, but invariably the court's language has been more restrictive than that used by the trial court in its charge.[2] In a recent case, *People v Payne* (35 NY2d 22), the Court of Appeals considered whether the acts of a codefendant were sufficiently close to commission of the rape to constitute an attempt. The standard applied was whether the acts " 'carr[ied] the project forward within dangerous proximity to the criminal end to be attained' *(People v. Ditchik,* 288 N. Y. 95, 96; see, also, Penal Law, § 110.00)" *(People v Payne, supra,* pp 28–29). Although in the abstract the phrase "a step in furtherance of the commission of the crime" includes acts which would not carry the project "within dangerous proximity to" consummation of the rape, the erroneous charge was harmless in the factual context of this case. If proof of guilt is overwhelming, nonconstitutional error is reversible only if "there is a significant probability * * * that the jury would have acquitted the defendant had it not been for the error" *(People v Crimmins,* 36 NY2d 230, 242). The proof of guilt here is overwhelming. There is no doubt of identity, since the episode unquestionably took place in defendant's apartment and resulted in a stab wound to his abdomen. Complainant's testimony is uncontradicted, and her statement that defendant forced her into his apartment is corroborated by a neighbor who heard a female voice screaming at the time complainant says she was abducted. It is theoretically true that the jury may disbelieve part or all of even uncontradicted testimony. But here, since they convicted on the sexual abuse count, they certainly believed the most pivotal element of complainant's story, i.e., that the defendant took her to his apartment, kept her there by "Forcible compulsion" (see Penal Law, §§ 130.65, 130.00, subd 8), and gratified his sexual desire by touching her intimate parts (see Penal Law, §§ 130.65, 130.00, subd 3). Given this, there is no significant probability the jury disbelieved the description of the stabbing incident at defendant's bed. The naked defendant, prevented from pulling complainant into his bed only by her stabbing him with his own knife, " 'carr[ied] the project forward within dangerous proximity to the criminal end to be attained' ". *(People v Payne,* 35 NY2d 22, 28–29, *supra.)* The judgment should be affirmed. Judgment affirmed. Koreman, P. J., Greenblott, Mahoney, Herlihy and Reynolds, JJ., concur.

---

**2.** (E.g., *People v Werblow,* 241 NY 55, 61 ["Acts in furtherance of a criminal project do not reach the stage of an attempt unless they carry the project forward within the dangerous proximity to the criminal end"]; *People v Collins,* 234 NY 355, 359–360 [mere preparation is not enough]; *People v Mills,* 178 NY 274, 285 [act must be such as would naturally effect the criminal result, but for intervention of some extraneous cause].)