■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. CRAMPTON, Appellant. — Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 16, 1983, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and endangering the welfare of a child.

It is alleged that on March 18, 1983, defendant and several companions engaged in sexual intercourse with the 14-year-old female complainant. Defendant was indicted on one count of rape in the first degree and one count of endangering the welfare of a child. It is further alleged that the victim had been drinking beer and wine, smoking marihuana throughout the evening and was "physically helpless" during the incident (see Penal Law, § 130.00, subd 7; § 130.35, subd 2). A jury found defendant guilty of attempted rape in the first degree and endangering the welfare of a child. He was sentenced to a term of imprisonment of 4 to 12 years on the attempted rape conviction and a concurrent definite term of one year on the misdemeanor conviction. This appeal ensued.

Defendant initially contends that the trial court erred by allowing the complainant to testify that, during the incident, she heard one of the codefendants, Charles Monta, state "Hurry up, Bumpty. I want my turn." It appears that "Bumpty" is a nickname of defendant. Defendant urges that this hearsay testimony was improperly utilized to identify him as a participant and not a spectator in the incident, and, relying upon *Bruton v United States* (391 US 123), contends that he was deprived of his right to cross-examine the declarant (see US Const, 6th Amdt; NY Const, art I, § 6). We agree.

When a hearsay declarant is not present for cross-examination at trial, the confrontation clause normally requires the People to demonstrate that the person is unavailable and that the statement bears adequate "indicia of reliability" (*Ohio v Roberts,* 448 US 56, 67; *People v Sanders,* 56 NY2d 51, 64). The People bear the burden of demonstrating a good-faith effort to obtain a declarant's presence (*Barber v Page,* 390 US 719). A review of the record in this case shows that defendant requested an opportunity to cross-examine Monta in response to the prosecution's offer of proof, and yet no effort was made to explain his unavailability. Rather, the trial court granted the offer of proof apparently on an assessment that Monta's statement was not violative of the hearsay rule. The difficulty with this holding is that the extrajudicial statement was being offered to establish identity and was clearly hearsay (Richardson, Evidence [10th ed], § 200, p 176). It was, therefore, incumbent upon the prosecution to satisfy the two-fold test of unavailability and reliability

set forth in *Ohio v Roberts (supra)* (see *Williams v Melton,* 733 F2d 1492).

Although a codefendant who invokes his Fifth Amendment privilege not to testify may be deemed unavailable (*United States v Arbelaez,* 719 F2d 1453, 1460; *People v Brown,* 26 NY2d 88, 93), here Monta had already pleaded guilty prior to the instant trial. As such, the People were required, but failed, to demonstrate that he would not testify. Moreover, a serious question of reliability attends the Monta statement. Even if the statement qualifies as a "present sense impression" exception to the hearsay rule (see *People v Watson,* 100 AD2d 452, 463-469), the victim was virtually unconscious at the time she purportedly heard this statement. Given this circumstance and the fact that she previously attributed the statement to a different speaker, we cannot say that the statement bears sufficient indicia of reliability from which the jury could evaluate the truth (see *Ohio v Roberts, supra,* pp 62-66; see Proposed Code of Evidence for the State of New York [1982], § 804, subd [b], par [1]). It follows that admission of the statement was an error of constitutional dimension.

Nevertheless, we conclude that any error occasioned by the admission of this hearsay statement was harmless beyond a reasonable doubt. The harmless error rule, as it relates to constitutional error, is: "that there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt (*Chapman* v. *California,* 386 U. S. 18; *Fahy* v. *Connecticut,* 375 U. S. 85)" (*People v Crimmins,* 36 NY2d 230, 237). While demanding and difficult to apply, "the reasonable doubt standard * * * still leaves room for judgmental determination of harmlessness (e.g., *People v Sanders,* 56 NY2d 51, 66-67)" (*People v Schaeffer,* 56 NY2d 448, 455). The case must be reviewed as a whole, giving due regard to the effect of the tainted statement and the strength of the remaining evidence.

Here, the record provides overwhelming proof of defendant's guilt of an attempted rape. Although the victim was unable to identify her assailant, an accomplice, Calvin Bailey, testified that he observed defendant remove the victim's pants and attempt intercourse with her. Defendant urges that the only evidence to corroborate Bailey's testimony was the improperly admitted hearsay statement attributed to Monta. To the contrary, the record contains ample corroborative proof independent of the Monta statement. Two witnesses, Lisa Bloodgood and William Arnold, both testified that they observed the victim lying on the bed with no clothes on while defendant stood at the

foot of the bed with his pants down. Another witness, Jeffrey Zomback, testified that he observed defendant placing his fingers in the victim's vagina and that defendant later stated he had not ejaculated during the attack. A realistic appraisal of all of this evidence confirms that the admission of the hearsay statement was but harmless error, particularly since, as noted above, the victim's testimony was fraught with uncertainties and could readily have been discounted as inaccurate. Under the circumstances presented, we conclude that there was no reasonable possibility that the excision of the hearsay statement from the trial testimony would have altered the result (see *People v Flecha,* 60 NY2d 766, 768; *People v Sanders,* 56 NY2d 51, 66-67, *supra; People v Dawson,* 101 AD2d 816).

Defendant further contends that the trial court erred in charging the lesser included offense of attempted rape in the first degree and, in any event, asserts that the court's instructions in this regard were erroneous. We find neither contention persuasive. Concededly, the victim testified that several of the participants in this incident engaged her in sexual intercourse. As a result, defendant contends that he was either guilty of rape or of no crime at all, and that no reasonable view of the evidence would support a finding of attempted rape. This argument, however, fails to accommodate all of the evidence presented. Upon reviewing the record, it becomes clear that the only evidence of a consummated rape is the testimony of the victim herself. The examining physician conceded that he could not verify that the victim had been raped with any reasonable degree of medical certainty, and a forensic scientist testified that no evidence of semen was indicated on either the victim's person or her clothing. Nor was any other witness able to confirm a completed act. Considering the entire testimony, it becomes clear that defendant could have committed the lesser offense of attempted rape, but not the greater. It follows that the trial court properly instructed the jury on the lesser included offense of attempted rape in the first degree (see CPL 300.50, subd 1).

Nor can we agree that the trial court's instructions to the jury as to what constitutes an attempt were erroneous. The court instructed that the jury must find that: "defendant engaged in certain conduct, physical conduct, which tended to effect the commission of the crime of rape * * * even though he was not successful, or the act of rape * * * may not have been completed."

This instruction tracks the statutory definition of "attempt" (Penal Law, § 110.00), as well as the language proposed by the

Committee on Criminal Jury Instructions (see 2 CJI [NY], PL 110.00, p 50). Although defendant urges that further elaboration was required to explain that defendant's conduct must be in dangerous proximity of completion (see *People v Bracey,* 41 NY2d 296, 300; *People v Alexander,* 53 AD2d 979), we perceive no inadequacy in the instruction given.

Viewing the evidence in a light most favorable to the People (*People v Kennedy,* 47 NY2d 196), we further find ample basis in the record to support the conviction. Although the victim was unable to identify defendant as one of her assailants, she did testify that several people engaged her in sexual intercourse. In addition, there was testimony that defendant was lying on top of her with his pants down. The inconsistencies in proof and credibility of the various witnesses were matters for the jury to assess (see *People v Cummings,* 90 AD2d 622, 623). A reading of the entire record confirms that the verdict was supported by credible evidence (see *People v Philipp,* 106 AD2d 681; *People v Anderson,* 99 AD2d 560; *People v Grego,* 90 AD2d 878) and should not be disturbed.

Finally, in view of the serious and offensive nature of defendant's conduct, we cannot say that the trial court abused its discretion by imposing a sentence within the statutory guidelines (Penal Law, § 70.02, subds 3, 4).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.