■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TARANTINO, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Fried, J.), rendered November 26, 1986, convicting defendant of arson in the second degree, conspiracy in the fourth degree, reckless endangerment in the first degree, and two counts of assault in the first degree after a jury trial, and sentencing him to concurrent prison terms of up to a maximum of from 8⅓ to 25 years, is unanimously affirmed.

Defendant advances various points on appeal, none of which requires reversal. He contends that in this arson prosecution the out-of-court statements of the severed codefendants, introduced through the testimony of other People's witnesses, were improperly received in evidence. The trial court correctly ruled to the contrary in a pretrial decision, since the People satisfied the criteria for their admission. Ultimately, there was a prima facie showing of the existence of the conspiracy and the defendant's participation in it *(People v Lakomec,* 86 AD2d 77, 80-81). Hence, the statements were properly admitted under hearsay exception applicable to the declarations of a coconspirator. Nor were the statements rendered inadmissible simply because of the declarant's availability as a witness *(United States v Inadi,* 475 US 387; *People v Logan,* 145 AD2d 437, 439). Any issues as to the reliability of the statements were not preserved for review, nor was any objection raised on the ground of lack of notice (CPL 470.05 [2]).

Also the court's charge, considered as a whole, did not shift the burden of proof to the defendant. The two instances cited were apparently either a slip of the tongue or a typographical error. The comprehensive instructions to the jury clearly placed the burden of proof beyond a reasonable doubt on the People. The jury could not have misunderstood this aspect of the charge. Furthermore, defendant failed to note any objection.

Finally, the asserted violation of the People's, disclosure obligations in the delivery, only at the close of the People's case, of supposed *Rosario* material to the defense (e.g., state-

ments of the witness Martinez who drove one of the cars to the arson scene, and whose status as an accomplice was properly left to the jury), does not mandate a new trial. Per se reversal is not required under the circumstances here involving belated, as opposed to nondisclosure *(People v Ranghelle,* 69 NY2d 56), absent any showing of prejudice, or any defense application to recall Martinez for a reopening of cross-examination.

The defendant's other contentions have been reviewed, and found to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.