■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NICHOLSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered March 25, 1988, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

At the time of trial, the complainant, an admitted user of heroin and cocaine with a criminal record, was brought to court from the psychiatric ward at Kings County Hospital. The complainant testified that on March 24, 1987, the defendant, whom he knew from the neighborhood, came to the front door of the apartment in which he resided with his mother, and attempted to sell him some cocaine. When the complainant refused, the defendant forced his way in, hit him with an automobile jack and an iron, ransacked the apartment, and stole money and jewelry.

The defendant testified in his own behalf and gave a conflicting version of the event. Essentially, the defendant testified that both he and the complainant were smoking crack in the apartment, and, at some point, the complainant accused the defendant of stealing his money. The defendant attempted to leave. A struggle ensued and the complainant grabbed a jack and hit the defendant in the eye. The defendant then hit the complainant with an iron and ran out of the apartment.

Under these circumstances, the court committed reversible error, when, on rebuttal, it allowed the People to admit into evidence, over the defense counsel's objection, a tape of the complaining witness's 911 telephone call, which bolstered the complainant's direct testimony. The trial court had previously

refused to admit this evidence on the People's direct case as an excited utterance.

It is well settled that a witness's in-court testimony may not be supported and bolstered by proof of a prior consistent statement made out of court *(see, Crawford v Nilan,* 289 NY 444; *People v Davis,* 44 NY2d 269; *People v Green,* 121 AD2d 739, 741; Richardson, Evidence § 519, at 510 [Prince 10th ed]). A limited exception to this rule is that prior consistent statements are admissible to counter charges of recent fabrication *(see, People v Gilliam,* 37 NY2d 722, *revg* 45 AD2d 744, *on dissenting opn of Hopkins, J.; People v Coffey,* 11 NY2d 142, 146, *on remittitur* 18 AD2d 794, *affd* 12 NY2d 443, *cert denied* 376 US 916). Where "the testimony of the witness has been assailed as a 'recent fabrication,' proof of prior consistent statements of the witness, made at a time when there was no motive to falsify, may be received in order to repel such imputation" (Richardson, Evidence § 519, at 510 [Prince 10th ed]; *People v Davis, supra).* Although the trial court relied on this exception in its ruling, a review of the record indicates that the thrust of the defense case was that the complainant's story was not a recent fabrication, but a fabrication from the very beginning in order to pacify his mother about the condition of the apartment and the missing items.

Since the People's proof was less than overwhelming, this error cannot be considered harmless *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining arguments and find that they are either unpreserved for appellate review or without merit. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.