■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO TORRES, Appellant. [601 NYS2d 919] —Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered June 13, 1989, convicting defendant, after jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 3 to 6 years on each count, unanimously affirmed.

In the circumstances herein, where the victim had been shot twice and lay on a stretcher awaiting transport to the hospital for emergency treatment, the police testimony that the victim (unavailable at the time of trial) called out "That's him" when defendant was brought back to the scene by the police within five minutes of the shooting, was properly admitted as an excited utterance *(Matter of Danny R.,* 50 NY2d 1026, 1028). The victim's conflicting testimony before the grand jury, given eight days after the shooting and thus after a substantial opportunity for reflection on the matter, in no way precluded admission of the on-the-scene statement as an excited utterance, with credibility issues properly placed before the jury *(People v Chambers,* 165 AD2d 738, *lv denied* 77 NY2d 876). The admission of this excited utterance did not violate defendant's constitutional right of confrontation, as the People satisfactorily established, at a pretrial hearing, both that the declarant was unavailable at the time of trial despite good faith efforts to obtain his presence, and that the circumstances of the on-the-scene statement provided adequate indicia of reliability, as an excited utterance exception to the hearsay rule, to afford the trier of fact a sufficient basis for evaluating its truth *(Ohio v Roberts,* 448 US 56, 65-66). In the circumstances herein, where the unavailable victim's showup identification was properly entered into evidence as an excited utterance, and where the People's evidence against defendant was overwhelming, any bolstering created by the repetition of the excited utterance by two police officers who had heard it was harmless, as it could not reasonably have led the jury to believe that there was stronger identification evidence than actually existed *(People v Fagan,* 166 AD2d 290, *lv denied* 77 NY2d 838). Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.