OPINION OF THE COURT
Jerome M. Kay, J.
Is "unavailability” of a hearsay declarant a requirement of the "present sense impression” or "excited utterance” exception to the hearsay rule?
The People have requested that the court admit into evidence two 911 tapes as either "present sense impressions” or "excited utterances” (also called spontaneous declarations).
In deciding this motion the court conducted a hearing, read the memorandum of law of both sides, and considered oral argument of both attorneys.
This written decision explains the court’s ruling made in the middle of trial.
The two 911 tapes contain separate conversations between a 911 operator and Mariyah Rizutti, Harrison Carp, and an unidentified female. The People have represented that Mariyah Rizutti will not be called as a witness, but have given no information as to her availability or why she will not be called as a witness. Harrison Carp testified at trial prior to the court’s ruling on the admissibility of the tape. Attempts at identifying the "unknown” female voice were unsuccessful.
The lack of explanation as to Mariyah Rizutti’s availability and the testimony of Harrison Carp raise issues of defendant’s right to confront witnesses under the New York and United States Constitutions, as well as evidentiary rule concepts.
The Sixth Amendment to the United States Constitution and article I, § 6 of the New York Constitution both state that *432 an accused is to "be confronted with the witnesses against him [her]”.[1]
A literal reading of the Federal and State Constitutions would appear to prohibit all hearsay exceptions (Ohio v Roberts, 448 US 56, 63; People v Sanders, 56 NY2d 51, 63). The acceptance of hearsay exceptions comes from "necessity” for their use and not a reading of the Constitution (Barber v Page, 390 US 719, 722).
Hearsay rules and the Confrontation Clauses of the Federal and State Constitutions "are generally designed to protect similar values” (California v Green, 399 US 149, 155). While protecting "similar values”, they function separately and distinctly (People v Thomas, 68 NY2d 194, 201; People v Salko, 47 NY2d 230, 241). Thus, sometimes a statement complies with the hearsay rules, but violates a defendant’s confrontation rights and, vice versa, sometimes a statement does not conform with the hearsay rules, but does comply with the accused’s confrontation right (California v Green, 399 US, at 155-166, supra).
The Federal Constitution, for certain (not all) hearsay exceptions, requires that the State prove that the absent declarant is "unavailable”, and that the absent declarant’s statement has particularized reliability (compare, Ohio v Roberts, 448 US, at 66, supra, with White v Illinois, 502 US —, 112 S Ct 736; United States v Inadi, 475 US 387).
This court is concerned only with the "unavailability” requirement, as "reliability” has been shown. The court must determine if proof of "unavailability” is required for either the "present sense impression” or "excited utterance” exception to the hearsay rule.
To fully understand this court’s trial ruling it is necessary to understand the legal history of the "unavailability” requirement under State and Federal cases.
In 1898, the Court of Appeals in People v Corey (157 NY 332) was faced with a claim that the admission of a dying declaration against defendant violated the accused’s right of confrontation. The Court stated (at 347-348): "The right of the accused to be confronted with the witnesses against him has always been a part of the Bill of Rights, and yet dying declarations have been received in evidence for time out of *433 mind. The legislature doubtless intended to confer upon a defendant in a criminal action the right to be confronted with any living witness against him. It is upon this ground that the objection to the introduction of such declarations in evidence against a defendant, based on his constitutional right to be confronted with the witnesses against him, has been uniformly overruled in those jurisdictions where such constitutional provisions are in force. It is invariably held that the deceased is not a witness within the meaning of such a provision or of the Bill of Rights, and that it is sufficient if the defendant is confronted with the witness who testifies to the declaration [citations omitted]” (emphasis supplied).
The Court held that the word "witness” in the Confrontation Clause refers to the witness testifying to the hearsay statement, not to the absent hearsay declarant. The Bill of Rights referred to must be the New York Bill of Rights, since the Federal constitutional provision had not been made applicable to the States at this time.
Forty-six years later (Dec. 30, 1944), in People v Nisonoff (293 NY 597), the Court of Appeals was faced with a claim that the business record exception to the hearsay rule violated defendant’s right to confrontation. After observing that the "United States Supreme Court” had upheld the constitutionality of the business record exception against a confrontation claim, the Court held that the Federal ruling is not a "restraint upon the powers of the States”. The Court addressed the State issue and discussed People v Corey (157 NY 332, supra) and reaffirmed the principle that the term "witness” referred to in the Bill of Rights refers to the witness testifying to the out-of-court statement and not to the absent declarant.
In People v Sugden (35 NY2d 453 [Dec. 20, 1974]), the Court reaffirmed the Corey and Nisonoff principles and held that the admissibility of hearsay exceptions does not violate confrontation rights (supra, at 460).
In Barber v Page (390 US 719, supra [Apr. 23, 1968]), the Court for the first time held that States must prove "unavailability” before admitting prior testimony under the Federal Confrontation Clause.
Twelve years later (June 25, 1980), in dealing with the admissibility of preliminary hearing testimony, the Court, in Ohio v Roberts (448 US 56, 66, supra), stated: "In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he *434 is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability’ ” (emphasis supplied).
The Court made an exception to these two constitutional requirements for "firmly rooted” (supra, at 66) hearsay exceptions (see, United States v Inadi, 475 US 387, supra).
In discussing and defining "unavailability” the Court, in Ohio v Roberts (448 US 56, 74-75, supra), states: "[I]f no possibility of procuring the witness exists * * * 'good faith’ demands nothing of the prosecution. But if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith may demand their effectuation.”
The requirements of "unavailability” and "indicia of reliability” are known as the "two-prong Roberts requirements”.
Approximately 4M> months (Dec. 12, 1980) after Roberts (supra), the Appellate Division, Fourth Department, in People v Egan (78 AD2d 34), addressed the issue of the relationship between the confrontation rights and the hearsay exceptions of admission, declaration against penal interest, and "spontaneous declarations”. After finding no Federal constitutional violation, the Court found no violation of "the similar clause in the New York Constitution” (supra, at 38). The Court cited People v Nisonoff (293 NY 597, supra) for this proposition. The Court (at 39) also cited People v Corey (157 NY 332, 347-348, supra).
In People v Sanders (56 NY2d 51, supra [May 18, 1982]), the Court addressed the relationship between the coconspirator’s exception to the hearsay rule and the Confrontation Clause. The Court assumed that the two-pronged Roberts test applied to the coconspirator’s exception to the hearsay rule. The Court then analyzed the Federal constitutional issue. With regard to the State constitutional issue, the Court stated (at 64-65): "On the other hand, defendant has not advanced any reason which would cause us to recognize a State constitutional right to confrontation broader than the Sixth Amendment guarantee as interpreted by the Supreme Court. We confine ourselves, therefore, to deciding the case before us.” The Court, however, cited both Corey and Nisonoff (supra) with approval as examples of hearsay exceptions which have been constitutionally upheld (People v Sanders, 56 NY2d, at 62, supra).
Thereafter, decisions assumed the applicability of the two-pronged Roberts test to "present sense impression” (People v Watson, 100 AD2d 452, 466; People v Crampton, 107 AD2d *435 998, 999), and "excited utterance” (People v Grant, 113 AD2d 311, 314; People v Crampton, supra) exceptions to the hearsay rule. None of the cases discuss the New York State Constitution.
In footnote 2 in People v Nieves (67 NY2d 125, 131 [Mar. 25, 1986]), the Court identified "dying declarations” and "excited utterances” as "firmly rooted” exceptions to the hearsay rule and thus not within the two-pronged Roberts test.
In United States v Inadi (475 US 387, supra [Mar. 10, 1986]), the Court held that the two-pronged Roberts test did not apply to all hearsay exceptions. The Court repeated the "firmly rooted” exception to Roberts (supra) and added that even if an exception is not "firmly rooted” but the nature of the exception establishes "reliability”, then proof of "unavailability” of the declarant is not mandated under the Federal Constitution. The Court, specifically, held that a coconspirator’s statement may be admitted under the Federal Constitution without a showing of "unavailability” (see also, Bourjaily v United States, 483 US 171).
After the Inadi decision (supra), decisions assumed that the two-pronged Roberts test applied to dying declarations and declarations against penal interest (People v Ryan, 121 AD2d 34 [Dec. 1, 1986], rearg and vacated 134 AD2d 300) and to prior testimony given at a suppression hearing (People v Ayala, 142 AD2d 147 [Nov. 21, 1988], affd 75 NY2d 422). The Ryan case does not discuss either People v Corey (157 NY 332, supra) or footnote 2 of People v Nieves (67 NY2d 125, 131, supra).
On December 14, 1989 the Appellate Division, First Department, decided People v Tarantino (156 AD2d 244, lv denied 76 NY2d 743). The Court held that "unavailability” need not be shown before admitting a coconspirator’s statement (supra, at 244).
In People v Persico (157 AD2d 339 [May 22, 1990]) the Appellate Division, First Department, ruled that the People must prove the declarant’s unavailability when seeking to introduce a coconspirator’s statement. The Court rejected Inadi (supra) under the New York State Constitution. The Appellate Division stated (at 345-346): "The Constitution reflects a strong preference for the use of cross-examination in assessing evidentiary reliability when it categorically commands that a defendant 'shall * * * be confronted with the witnesses against him’ (NY Const, art I, § 6). The language of *436 the clause would seem to require, at a minimum, that available witnesses against a criminal defendant be produced by the government, for when the declarant is not present to testify there can be no cross-examination, hence, the principle safeguard against the fact finder’s unqualified receipt of unreliable evidence is removed * * * the only possible rationale for dispensing with it is that the statements to be admitted in the declarant’s absence are so reliable as to make the cross-examination of the declarant unnecessary.”
The Court defined "firmly rooted” as "inherently reliable” (People v Persico, 157 AD2d, at 348, supra).
The Persico Court failed to address the interpretation of the word "witness” under the New York Constitution given by the Court of Appeals in People v Corey (157 NY 332, supra) and People v Nisonoff (293 NY 597, supra), nor did it discuss People v Tarantino (156 AD2d 244, supra).
The Persico Court relied on assumptions in People v Sanders (56 NY2d 51, supra). However, the Sanders Court did not make a New York Constitution analysis because the defendant "has not advanced any reason which would cause us to recognize a State constitutional right of confrontation broader than the Sixth Amendment” (supra, at 64). At best, the Court of Appeals stated that the New York Constitution and the Federal Constitution are identical.
One month after the Persico decision (supra), in Idaho v Wright (497 US 805), the Court repeated the Inadi test, but found that the "child witness” rule was not "firmly rooted”. The Court defined "firmly rooted” as "longstanding judicial and legislative experience” (497 US, at 816-817).
In People v Perez (175 AD2d 614 [July 12, 1991]), the Appellate Division, Fourth Department, seemingly adopted Persico (supra). Five months after the Perez decision, in White v Illinois (502 US —, 112 S Ct 736, supra [Jan. 15, 1992]), the Court, applying the Inadi rule, held that the Federal Constitution does not require proof of "unavailability” of an absent declarant under the "excited utterance” or "medical examination” exceptions to the hearsay rule. The Court found that the nature of these exceptions was so reliable that the Constitution requires nothing additional. The Court notes that the concurring opinion of Justices Thomas and Scalia adopts the rationale of Corey and Nisonoff (supra).
Five months after the White decision (supra), the Appellate Division, Fourth Department, in People v Bridges (184 AD2d *437 1042 [June 25, 1992]) applied the two-prong test of Roberts to medical/business records. The Court, in discussing the Federal Constitution, did not discuss Inadi (supra) or White. In discussing the New York State Constitution, the Court failed to discuss Nisonoff (supra). The decision merely assumed the applicability of the Roberts test.
After this court had rendered its oral decision and admitted what the court permitted, the New York Law Journal published the Appellate Division, First Department, decision in People v Torres (NYLJ, Sept. 27, 1993, at 22, col 2, 196 AD2d 758). In dicta, the court applied the "unavailability requirement” to an "excited utterance”. The court did not discuss or cite White v Illinois (502 US —, 112 S Ct 736, supra). The only case cited by the court is Ohio v Roberts (448 US 56, supra).[2]
The court now addresses the issue of whether the People must prove "unavailability” of a hearsay declarant when a statement is offered under the "present sense impression” exception to the hearsay rule. The "present sense impression exception permits a court to admit hearsay testimony of a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter” (People v Brown, 80 NY2d 729, 732).
New York has recognized that anonymous "911” calls are "weak” in reliability notwithstanding that they relate "present sense impressions” (People v De Bour, 40 NY2d 210, 224; People v Barbera, 71 AD2d 231, 234). Nonetheless, New York admits anonymous "911” tapes under the "present sense impression” exception to prove guilt (People v Brown, 80 NY2d 729, supra; People v Luke, 136 Misc 2d 733, affd 147 AD2d 990).[3]
In People v Persico (157 AD2d 339, supra), the Appellate Division, First Department, set forth the New York Constitution’s requirement relating to hearsay exceptions and an accused’s confrontation rights. Unless an exception is "firmly *438 rooted”, the New York Constitution requires proof of "unavailability” and "indicia of reliability”. This court is bound under stare decisis rules to follow Persico unless the Appellate Division, Second Department, has ruled otherwise (Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665). The court is aware that People v Corey (157 NY 332, supra) and People v Nisonoff (293 NY 597, supra) are contrary to Pérsico. Nonetheless, Persico implies that the Court of Appeals in People v Sanders (56 NY2d 51, supra) overruled Corey and Nisonoff (supra), and this court is bound by that determination.
Whatever definition is used for the "firmly rooted” test, "present sense impression” does not comply.
If "firmly rooted” means "longstanding judicial and legislative experience” (Idaho v Wright, 497 US, at 816-817, supra) then New York does not have that long-standing experience. On February 18, 1993, approximately IV2 months ago, the Court of Appeals stated that "[o]ur Court has not adopted the exception and, until the opinions of the courts below in this case, only three New York courts have discussed the issue” (People v Brown, 80 NY2d, at 733, supra).[4]
If "firmly rooted” means "inherently reliable” (People v Persico, 157 AD2d, at 348, supra) then, as previously discussed, an anonymous 911 tape, even when recording a "present sense impression”, does not show its inherent reliability (see, People v De Bour, 40 NY2d 210, 224, supra). This is especially true in this case where some of the declarants were "possibly” participants in the initial stages of the incident — friends, and a former girlfriend.
The court held that the New York Constitution, as interpreted by Pérsico (supra), requires that the People must prove the "unavailability” of the hearsay declarant prior to the introduction of a "present sense impression” statement.
The court ruled that the People had failed to prove "unavailability” of Mariyah Rizutti and the 911 tape of her was inadmissible under the "present sense impression” exception.
On the other hand, as to the "unidentified” voice on the 911 tape, the court ruled "unavailability” had been established as well as all the other requirements.
As to Harrison Carp, neither the Federal (California v *439 Green, 399 US 149, 158-162, supra; Nelson v O’Neil, 402 US 622) nor the State (People v Griffin, 48 NY2d 998, 1000; People v Payne, 35 NY2d 22, 26) constitutional right to confrontation is involved, because he testified at trial.
The court must determine if the evidentiary rules of "present sense impression” require "unavailability”, prohibiting a testifying declarant’s statements.
In People v Brown (80 NY2d 729, supra), the Court for the first time adopted the "present sense impression” exception to the hearsay rule. The Court indicated that "necessity” was the reason for its adoption and stated (at 736) that "[i]f such an eyewitness is available to testify to the events, there is certainly no pressing need for the hearsay testimony.”
The Court, in United States v Inadi (475 US 387, supra), also stated (at 394): "If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony, with full cross-examination and the opportunity to view the demeanor of the declarant, there is little justification for relying on the weaker version. When two versions of the same evidence are available, longstanding principles of the law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence” (emphasis supplied).
Live testimony is stronger than an originally anonymous 911 call. There is "little justification” for the weaker form of evidence.
The court found that as an evidentiary rule the People must prove "unavailability” and, if the hearsay declarant testifies, there is no "justification” for the admission of the weaker hearsay statement.
This court then turned to the analysis of the "excited utterance”, found that the "excited utterance” is a "firmly rooted” exception to hearsay rule, and thus does not require proof of unavailability.
Initially the court was faced with the Appellate Division, Second Department, decision in People v Grant (113 AD2d 311, supra), and now is faced with the decision in People v Torres (196 AD2d 758, supra). Both of those cases discuss the Federal constitutional issue, but this court is bound by White v Illinois (502 US —, 112 S Ct 736, supra) as it is a United States Supreme Court decision (cf., Matter of DeBellis v Property Clerk of City of N. Y., 79 NY2d 49, 57; see also, Steffel v Thompson, 415 US 452, 482, n 3 [Rehnquist, J., concurring]). *440 White specifically holds that "spontaneous declarations” or "excited utterances” do not require a showing of "unavailability” under the Federal Constitution.
Neither Grant nor Torres (supra) discuss the New York Constitution and are not stare decisis under the New York Constitution.
People v Egan (78 AD2d 34, supra) held the New York Constitution does not require the two-prong Roberts test for "spontaneous declarations” (at 37).
Further, in footnote 2 of People v Nieves (67 NY2d 125, 131, supra), the Court specifically held that "excited utterances” are "firmly rooted” exceptions to the hearsay rule.
An independent analysis of the "excited utterance” exception shows that it is "firmly rooted”.
If "firmly rooted” means "longstanding judicial and legislative experience” (Idaho v Wright, 497 US, at 816-817, supra), the "excited utterance” exception qualifies. Long ago, New York recognized spontaneous declarations in civil cases (Waldele v New York City & Hudson Riv. R. R. Co., 95 NY 274), and criminal cases (People v Del Vermo, 192 NY 470). It has been recognized in New York ever since (People v Brooks, 71 NY2d 877; People v Brown, 70 NY2d 513).
If "firmly rooted” means "inherently reliable” (People v Persico, 157 AD2d 339, 348, supra), then "excited utterance” also qualifies as "firmly rooted”. The fact that the statement is made under the stress of nervous excitement, itself, prevents fabrication and demonstrates reliability (People v Brown, 80 NY2d 729, 730, supra).
Indeed, the "excited” circumstances of the statement and its "spontaneity” cannot be duplicated or recaptured in the setting of live testimony in a courtroom (White v Illinois, 502 US —, —, 112 S Ct 736, at 742-743, supra). There is a qualitative difference between a jury hearing actual "excited” or "spontaneous” statements or testimony given in the stolid atmosphere of a courtroom regarding the events (supra). This is especially true where there exists an actual tape of the statement.
The court concluded that since an "excited utterance” is a "firmly rooted” exception, "unavailability” need not be shown under the Federal or State Constitution (White v Illinois, 502 US —, 112 S Ct 736, supra; People v Egan, 78 AD2d 34, supra).
For the same reason, a showing of "unavailability” is unnecessary under evidentiary rules.
*441 The court listened to the tapes and found that the statements of Mariyah Rizutti were "excited”, but that the statements by Harrison Carp and the "unidentified” female were "dispassionate and deliberate” (People v Luke, 136 Misc 2d, at 734, supra). The voices inflected thought and reflection as to Harrison Carp and the "unidentified” female.
The court permitted the statements of Mariyah Rizutti as "excited utterance”, and the statements of the "unidentified” female as a "present sense impression”. The statements of Harrison Carp were precluded.

. It is undoubtedly time the Federal and State Constitutions be made gender neutral.

. The court has not discussed every Appellate Division decision that discusses the issue, but merely those that it felt relevant (see, e.g., People v Claytor, 137 AD2d 760; People v Negron, 122 AD2d 894, lv denied 69 NY2d 714; People v Porter, 179 AD2d 1018, lv denied 79 NY2d 1006; People v Comfort, 151 AD2d 1019, lv denied 74 NY2d 807). Nisi prius decisions are also not discussed (People v Vigilante, 153 Misc 2d 206, 210; People v Tai, 145 Misc 2d 599).

. This court need not address the Federal constitutional issue because there are State grounds (Matter of Beach v Shanley, 62 NY2d 241, 254; People v Felix, 58 NY2d 156, 161).

. The court is aware that "present sense impression” has its genesis in the "res gestae” exception. However, "present sense impression” is not part of the "res gestae” exception and developed independently in New York.