■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVAREZ, Appellant. [612 NYS2d 38] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered November 13, 1991, convicting defendant, after a jury trial, of assault in the first degree (2 counts), and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Review of the record submitted by defendant does not sustain his claim that codefendant Rivera's plea agreement, pursuant to which he was to receive a reduced sentence in exchange for his testimony at trial, was concealed from defendant *(People v Charleston,* 54 NY2d 622). Moreover, the record establishes that the jury learned of the likelihood that Rivera would receive favorable treatment in exchange for his testimony from codefendant Torres' cross examination *(see, People v Novoa,* 70 NY2d 490).

Defendant's claim that the victim's excited utterances should not have been admitted into evidence since they alleg-

edly violated his right to confrontation, has not been pre-
served for review by timely objection (CPL 470.05 [2]), and we
decline to review it in the interest of justice. Were we to
review this claim, we would find it meritless, the People
having presented evidence at the pretrial hearing that the
victim was no longer available to testify due to death, and
that the circumstances of the on-the-scene statements pro-
vided adequate indicia of their reliability as excited utterances
*(People v Torres,* 196 AD2d 758, *lv denied* 82 NY2d 854).

Finally, defendant's contentions with respect to the prose-
cutor's summation also have not been preserved for review by
timely objection (CPL 470.05 [2]). In any event, contrary to
defendant's contention, we find that the prosecutor's summa-
tion did not improperly appeal to the emotions of the jury.
Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams,
JJ.