[615 NYS2d 794]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILLIE BUIE, Appellant.

Fourth Department, July 15, 1994

## APPEARANCES OF COUNSEL

*Edward J. Nowak,* Rochester *(Stephanie Batcheller* of counsel), for appellant.

*Howard R. Relin, District Attorney* of Monroe County *(Robert Mastrocola* of counsel), for respondent.

## OPINION OF THE COURT

WESLEY, J.

At defendant's trial on burglary and other charges, a tape recording of the victim's telephone call to 911 was received in evidence. Defendant's appeal raises the question whether the 911 tape was properly admitted under the present sense impression exception to the hearsay rule *(see, People v Brown,* 80 NY2d 729) when the declarant was available as a witness and testified at trial.

I

Defendant was convicted after a jury trial of burglary in the second degree and other charges in connection with a break-in at a Rochester residence. The owner of the residence was the prosecution's principal witness at trial. He testified that, shortly before 4:00 A.M. on August 18, 1992, he was awakened by the sound of breaking glass. He immediately picked up a cellular telephone and dialed 911 to report the break-in. He

stayed on the line with the 911 operator and continuously described the events of that morning as they unfolded. He went outside his home and waited for the burglar to emerge. A man came out of the house carrying a black attache case. The owner got a good look at that man. He followed him, at a distance of between 15 and 50 feet, until the man reached the street. At that point the burglar turned and ran. Although the owner tried to pursue, the burglar disappeared from view. Just as the owner discovered his black attache case a short distance (approximately 30 feet) down the street, two police officers arrived. The case was next to a driveway leading to an open garage. The police found defendant lying on the floor of a Jeep parked inside that garage. Defendant was perspiring and had blood on his t-shirt. (An evidence technician later removed a reddish brown stain from the wall of the home under the window that had been broken. A forensic chemist conducted tests on the stain, and established that it was human blood.) At that time, the owner identified the man inside the Jeep as the man he had followed from his home. The entire incident lasted less than eight minutes.

The owner gave a very detailed description of the burglar to the 911 operator. He stated that the burglar was a black male between 20 to 30 years of age, 5 feet, 10 inches tall, medium build with "very, very short hair", and wearing a white t-shirt with mid-length, baggy shorts. The owner further indicated that the shorts were either a dark gray or dark green and were a solid color. The burglar weighed 160 to 165 pounds and wore white socks and white sneakers. The burglar had "[n]o facial hair" or "[m]aybe a little slight, very slight" facial hair and no glasses. At the time of his arrest, defendant indicated to the intake officer that he was 26 or 27 years old, that he was 5 feet, 10 inches tall and that he weighed 165 pounds. He was described as having a medium build.

When asked to identify the burglar at trial, however, the owner identified the transport deputy, who was seated next to defendant at the counsel table, as the man he had followed on the morning of the burglary.

At the close of their proof, the People were permitted, over objections by defendant, to play a recording of the owner's four-minute conversation with the 911 operator. The court received the evidence under the present sense impression exception to the hearsay rule.

## II

▮ In *People v Brown* (80 NY2d 729, *supra),* the Court of Appeals adopted the present sense impression exception to the hearsay rule. That "exception permits a court to admit hearsay testimony of a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" *(People v Brown, supra,* at 732, citing Fed Rules Evid, rule 803 [1]; Proposed NY Code of Evidence § 804 [b] [1] [1982]; *see also,* 2 McCormick, Evidence § 271 [4th ed]).

Defendant contends that the exception does not apply here because the declarant was available to testify. However, there is no need to examine and define the "availability" issue left open in *Brown,* because the declarant was not only available, he testified.

There are constitutional concerns (Federal and State) in receiving out-of-court statements by an unavailable, or available but not called, declarant in a criminal proceeding *(see, Ohio v Roberts,* 448 US 56; *People v Brown, supra; People v Persico,* 157 AD2d 339, *lv denied* 76 NY2d 895). When the declarant testifies, however, the objection to the out-of-court statement is premised upon New York's often-stated policy against bolstering *(see, e.g., People v Nicholson,* 168 AD2d 574, 575, *lv denied* 77 NY2d 964; *People v Kern,* 149 AD2d 187, 237-238, *affd* 75 NY2d 638, *cert denied* 498 US 824). The error, if any, in receiving the 911 tape is one of State law and is not of constitutional dimension in light of the declarant's availability and testimony at trial *(see, California v Green,* 399 US 149, 158-159; *People v Nicholson, supra,* at 575; *People v Kern, supra,* at 237-238).

When an eyewitness comes into court to testify to the events observed, there may not always be a "pressing need" for the hearsay testimony that has been characterized as "the weaker version" *(United States v Inadi,* 475 US 387, 394; *People v Brown, supra,* at 736). However, in some instances, there may indeed be a "pressing need" for the admission of a 911 tape even though the eyewitness has come forward and testified in court.

In this case, the owner's testimony was closely intertwined with the 911 call. The owner picked up a cellular telephone and dialed 911 almost immediately after being awakened by the sound of breaking glass. He remained on the line with the 911 operator throughout the burglary and his ensuing pursuit

of the burglar. The 911 call terminated just before defendant's arrest. In light of the owner's misidentification of defendant at the time of trial, the tape became highly probative on the issue of identification. The tape presented evidence of characteristics of the perpetrator of the crime matching those of the individual arrested in the garage and of defendant as he sat before the jury *(see generally, People v Huertas,* 75 NY2d 487; *People v Rice,* 75 NY2d 929).

The 911 tape in question did more than mimic the in-court testimony of the owner. It gave the jury a temporal and auditory sense of the events. The owner indicated at trial that the elapsed time from the break-in to defendant's arrest was five to seven minutes. The 911 tape vividly portrayed how quickly the events unfolded and it reflected the owner's emotional state—a relevant consideration in light of the in-court misidentification. In addition, much of the owner's trial testimony referred to the fact that the owner was talking to the 911 operator. The tape has an evidentiary purpose separate and apart from the owner's testimony and should not be viewed in the same light as a prior consistent written statement *(see, People v Davis,* 44 NY2d 269, 277-278).

A trial court may use its discretion to review a 911 tape when the declarant testifies, to determine whether the tape may be of evidentiary value to the jury and is not simple bolstering. In addition, the Court of Appeals has acknowledged that the trial court must evaluate the reliability of such evidence in light of the particular circumstances of each case *(People v Brown, supra,* at 737). The 911 tape in this case meets both tests.

The courts and the Legislature of this State have recognized exceptions to the bolstering rule *(see, People v Huertas, supra;* CPL 60.25 [2]; 60.30). Most of the States that have passed legislation codifying the present sense impression exception do not require the unavailability of a declarant as a precondition to the receipt of such evidence *(see, People v Brown, supra,* at 733, n 3; Binder, Hearsay Handbook § 1.02, at 136 [3d ed 1991]; *see also,* Fed Rules Evid, rule 803 [1]). The admissibility of a 911 tape by an in-court eyewitness should be evaluated in light of its relevancy, reliability and evidentiary value to the jury by the trial court in the exercise of its discretion.

## III

There is no merit to defendant's remaining contentions

that the testimony of the arresting officers bolstered the "identification" by the owner or, in the alternative, impeached the misidentification testimony of the owner. Because the owner identified the transport deputy as the burglar at trial, the trial court did not permit the People to introduce evidence of a prior identification of defendant by the owner through another witness (see, CPL 60.25; *People v Rodriguez,* 169 AD2d 618, *lv denied* 77 NY2d 966; *People v Gonzalez,* 160 AD2d 502, *lv denied* 76 NY2d 857). However, the owner testified, without objection, that he identified the burglar at the time of the arrest in the garage. The arresting officers testified that they had apprehended defendant in the garage, but did not testify that the owner had identified defendant. There was ample evidence from which the jury could conclude that defendant was logically and rationally connected to the commission of the crime without the owner's out-of-court identification. The testimony of the officers did not impeach the owner's testimony because their testimony did not attack the owner's credibility (Richardson, Evidence § 508 [Prince 10th ed]).

Accordingly, the judgment should be affirmed.

GREEN, J. P. (concurring). We concur in the result reached by the majority. In our view, however, the 911 call does not qualify for admission as a present sense impression because the declarant was available and testified at trial. We are persuaded that the declarant must be unavailable as a witness before hearsay may be admitted as a present sense impression. The requirement of unavailability derives support from several sources. As noted by the Court of Appeals in *People v Brown* (80 NY2d 729), the present sense impression provision in the 1982 draft of the Proposed New York Code of Evidence "is identical to the Federal rule *except that under the New York rule the declarant must be unavailable as a witness*" (*People v Brown, supra,* at 732-733, n 1 [emphasis supplied]; *see,* Proposed NY Code of Evidence § 804 [b] [1] [1982]). In the 1991 draft of the Proposed New York Code, the present sense impression exception falls within the section addressing "Unenumerated exceptions to the hearsay rule" (Proposed NY Code of Evidence § 806 [1991]; *see also, People v Brown, supra,* at 733, n 1; Comment of NY Law Rev Commn, reprinted in Proposed NY Code of Evidence § 806, at 234 [1991]). Under that section, the unavailability requirement is retained for criminal cases (see, Proposed NY Code of Evidence § 806 [1991]).

The requirement that the People establish the declarant's unavailability before introducing a hearsay statement as a present sense impression arises, in part, from concern for a criminal defendant's right of confrontation *(see, People v Cook,* 159 Misc 2d 430; Comment of NY Law Rev Commn, reprinted in Proposed NY Code of Evidence § 806, at 234 [1991]; see generally, US Const 6th Amend; NY Const, art I, § 6; *People v Persico,* 157 AD2d 339). The constitutional command that a "defendant 'shall * * * be confronted with the witnesses against him' (NY Const, art I, § 6) * * * require[s], at a minimum, that available witnesses against a criminal defendant be produced by the government" *(People v Persico, supra,* at 345). In a criminal case, therefore, admissibility of certain categories of hearsay, including present sense impressions, turns on the unavailability of the declarant because of the defendant's right to confront available witnesses.

When the declarant testifies as a witness against the defendant, however, additional concerns are implicated *(see, People v Cook, supra).* Those concerns include the underlying rationale for allowing the introduction of otherwise inadmissible statements as exceptions to the hearsay rule. The exception for statements of present sense impression, like other hearsay exceptions, is justified primarily by necessity *(see, People v Persico, supra,* at 348). As the majority recognizes, "[i]f * * * an eyewitness is available to testify to the events, there is certainly no pressing need for the hearsay testimony" *(People v Brown, supra,* at 736; *accord, People v Cook, supra,* at 439).

The Supreme Court also recognizes a strong preference, rooted in both the Constitution and the law of evidence, for live testimony: "If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony, with full cross-examination and the opportunity to view the demeanor of the declarant, there is little justification for relying on the weaker version. When two versions of the same evidence are available, longstanding principles of the law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence" *(United States v Inadi,* 475 US 387, 394).

If the 911 caller were unavailable to testify, the People would have been forced to rely on the tape as the only eyewitness account of the burglary and the events that followed. The trial court, however, permitted the People to present to the jury both the testimony of the homeowner and the "weaker version" of the same events in the 911 transmis-

sion. The effect of allowing both versions was to permit the prosecutor to use the 911 tape to reinforce and corroborate the victim's trial testimony *(see, People v Nicholson,* 168 AD2d 574; *People v Kern,* 149 AD2d 187, 237, *affd* 75 NY2d 638, *cert denied* 498 US 824; *People v Green,* 121 AD2d 739, 741, *lv denied* 68 NY2d 813; *People v Jimenez,* 102 AD2d 439, 443), thereby violating the well-settled rule that a witness's in-court testimony may not be supported or bolstered by evidence of prior consistent statements made out of court *(see, People v Nicholson, supra; People v Green, supra,* at 741; *People v Jimenez, supra,* at 443; *see generally, People v McClean,* 69 NY2d 426, 428; *People v Davis,* 44 NY2d 269, 277).

Contrary to the majority, we conclude that, in every criminal case, the unavailability of the declarant is a prerequisite for the admission of present sense impression testimony. Case-specific inquiries into the reliability of a particular hearsay statement or the "pressing need" for such evidence are necessary only if the other requirements for admissibility are met. Including the unavailability of the declarant among those requirements protects against the danger of "vesting trial judges with virtually unlimited and unreviewable discretion to admit so-called reliable hearsay" (Comment of NY Law Rev Commn, reprinted in Proposed NY Code of Evidence § 806, at 233 [1991]). Thus, we reject the case-by-case approach adopted by the majority that gives the trial court discretionary authority to admit the present sense impression testimony of an available declarant.

We also reject the majority's effort, *sua sponte,* to justify the admission of the 911 tape for the nonhearsay purpose of providing the jury "a temporal and auditory sense of the events" and a reflection of the owner's emotional state *(see, People v Huertas,* 75 NY2d 487; *People v Rice,* 75 NY2d 929). The People did not offer that theory at trial or on appeal, and it is clear that the 911 tape was received, as hearsay, under the present sense impression exception. Whether there are alternative, nonhearsay grounds for the admission of the tape may not be considered on defendant's appeal *(see, People v Goodfriend,* 64 NY2d 695; *People v Fields,* 151 AD2d 598, 600; *People v Powe,* 146 AD2d 718, 719, *lv denied* 73 NY2d 1020).

Although it was error to permit the introduction of the 911 recording, the error was harmless. The proof of defendant's guilt was overwhelming and there is no significant probability that the jury would have acquitted defendant had it not heard the 911 tape *(see, People v Crimmins,* 36 NY2d 230, 242).

LAWTON and BOEHM, JJ., concur with WESLEY, J.; GREEN, J. P., concurs in result in a separate opinion in which BALIO, J., concurs.

Judgment affirmed.