■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MANCUSO, Appellant. [700 NYS2d 37] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered December 2, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the close of the defendant's case, the People were permitted to introduce the defendant's arrest photograph as rebuttal evidence and to recall a police detective to testify that the photograph accurately depicted the defendant's appearance, including his clothing, at the time of his arrest. When the defendant attempted to introduce evidence to rebut the People's rebuttal evidence, the Supreme Court denied the application, holding that "[t]here is no surrebuttal". After continued colloquy on this matter the defendant objected to the Supreme Court's ruling. The ruling was error and therefore we reverse and order a new trial.

Contrary to the People's contention, the defendant preserved for appellate review the issue of whether he was improperly

precluded from offering evidence to rebut the People's rebuttal evidence. Since the precluded testimony would have tended to disprove the affirmative facts which the prosecution sought to prove by its rebuttal evidence, and since the defendant is allowed to offer rebuttal thereto (*see,* CPL 260.30 [7]) the Supreme Court erred in precluding him from offering that evidence (*see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *cf., People v Gabriel,* 241 AD2d 835, 837). Since there is less than overwhelming evidence of the defendant's guilt, the error was not harmless (*see, People v Hudy,* 73 NY2d 40; *People v Crimmins,* 36 NY2d 230). Santucci, J. P., Joy, Florio and Luciano, JJ., concur.