■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN LYNCH, Appellant. [766 NYS2d 60] —Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered September 20, 2002, convicting him of burglary in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The evidence at trial established that the defendant was present in a house where a burglary occurred on the day that money was stolen, but there was no direct evidence establishing the identity of the burglar. In its charge to the jury, the trial court failed to inform the jury that the evidence presented to establish the defendant's guilt was solely circumstantial. Accordingly, the jury was not aware of its duty to apply the circumstantial evidence standard to the People's entire case (*see People v Sanchez,* 61 NY2d 1022 [1984]). Further, the evidence of the defendant's guilt was less than overwhelming, precluding the conclusion that the failure to give the proper charge was harmless error (*see People v Crimmins,* 36 NY2d 230 [1975]). Therefore, the defendant is entitled to a new trial.

Additionally, the trial court erred in allowing the prosecutor to question the defendant's father regarding whether the defendant ever denied that he was identified as the person seen in the victim's house on the day of the burglary (*see People v Lewis,* 69 NY2d 321 [1987]).

The defendant's remaining contentions are without merit. Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.