■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MENDEZ, Appellant. [804 NYS2d 337]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered December 12, 2002, convicting him of robbery in the first degree (three counts) and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

In her summation, the prosecutor made certain statements that insinuated that more than one witness had identified the defendant. Certain communications received from the jury during its deliberations reveal that these comments may well have misled one or more of the members of the jury. At another point, the prosecutor stated, "I could have brought in 15 witnesses. They would have all told you the same thing. It is not the quantity; it's the quality of the evidence." These comments, however intended, may have suggested to the jury that there were, in fact, many other eyewitnesses who could have, and who would have, identified the defendant as one of the robbers if only they had decided to testify.

In light of the less than overwhelming evidence of guilt adduced at trial, the prosecutor's misconduct during her summation, of which the foregoing specifications are but two examples, cannot be considered harmless (*see People v Maldonado,* 97 NY2d 522 [2002]; *People v Crimmins,* 36 NY2d 230, 237-238 [1975]; *People v Pagan,* 2 AD3d 879 [2003]; *People v Lynch,* 309 AD2d 878 [2003]; *People v Mancuso,* 267 AD2d 252 [1999]; *People v Nicholson,* 168 AD2d 574 [1990]). Furthermore, the misconduct under review was sufficiently egregious as to have deprived the defendant of a fair trial within the meaning of CPL 470.15 (6) (a) so that a reversal in the exercise of our interest of justice jurisdiction is warranted (*cf. People v Roopchand,* 107 AD2d 35 [1985], *affd* 65 NY2d 837 [1985]).

We reject the defendant's contentions that the evidence was legally and factually insufficient to support the verdict. In light of the need for a new trial, we need not pass on the defendant's remaining contentions. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.