■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ANDERSON, Appellant. [830 NYS2d 161]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered August 10, 2005, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

In his summation, the prosecutor made reference to crimes in which the defendant had participated but not been charged, and also made unqualified statements of the defendant's guilt. Furthermore, the prosecutor improperly stated that the defendant had made a statement to the police without asking for a lawyer because "he knew he was guilty." The prosecutor also sought to inflame the jury against the defendant by making statements about the defendant's behavior even though the prosecutor's characterization of that behavior was unsupported by the record.

The defense counsel did not object to any of the prosecutor's improper summation comments. Nevertheless, although the defendant's contentions were not properly preserved for appellate review, we pass upon them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

In light of the less than overwhelming evidence of guilt adduced at trial, the prosecutor's misconduct during his summation, only some examples of which are set forth above, cannot be considered harmless (*see e.g. People v Maldonado*, 97 NY2d 522 [2002]; *People v Crimmins*, 36 NY2d 230, 237-238 [1975]; *People v Mendez*, 22 AD3d 688 [2005]; *People v Pagan*, 2 AD3d 879 [2003]; *People v Lynch*, 309 AD2d 878 [2003]; *People v Mancuso*, 267 AD2d 252 [1999]; *People v Nicholson*, 168 AD2d 574 [1990]). The misconduct under review was sufficiently egregious to have deprived the defendant of a fair trial within the meaning of CPL 470.15 (6) (a) and warrant a reversal in the interest of justice (*cf. People v Roopchand*, 107 AD2d 35 [1985], *affd* 65 NY2d 837 [1985]).

We reject the defendant's contentions that the evidence was legally and factually insufficient to support the verdict. In light

of our determination ordering a new trial, we need not pass on the defendant's remaining contentions. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.