OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
While we agree with appellant’s contention that it was error for Family Court to receive, over objection, the arresting officer’s hearsay testimony as to the identity of the change purse, this error was, in our opinion, harmless.
Family Court, after a fact-finding hearing, determined that appellant had committed acts which, if done by a person 16 years of age or older, would have constituted the crime of robbery in the second degree. (Penal Law, § 160.10.) To sustain this finding, we must conclude that the People established as one element of the crime that appellant forcibly stole property from the victim.
The record discloses that the victim testified that two boys, after one grabbed her from the back and put his hands over her mouth, took a change purse from her shoulder bag while she prepared to walk up the stairway from the subway plat *1028 form to the street. Further, it was elicited through the testimony of the arresting officer, that the victim screamed "That’s him” when the officer brought appellant back to the area where the robbery occurred. This statement was properly admitted as a spontaneous declaration, and we find no merit to appellant’s suggestion that CPL 60.25 was meant to alter the rule recognizing the admission of such evidence in criminal prosecutions or similar proceedings as an exception to the hearsay rule. (See People v Caviness, 38 NY2d 227.)
In light of this unrebutted testimony, we agree with the Appellate Division that the People established beyond a reasonable doubt that appellant, in concert with another, forcibly stole property from the victim. It simply was not necessary for the People to prove that the change purse discovered on appellant’s person was the same purse stolen from the victim, and the testimony to that effect, albeit hearsay, can be considered mere surplusage.