█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CALVIN ALLEYNE, Appellant. [625 NYS2d 77] —Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Cacciabaudo, J.), imposed January 6, 1994, upon his conviction of operating a motor vehicle while under the influence of alcohol as a felony, upon his plea of guilty, the sentence being a definite term of one year imprisonment in the County jail with a waiver of early release and a fine of $1,000, plus a $155 surcharge, or, as an alternative to the fine, an additional 100-day jail sentence and a surcharge of $155, or, as an alternative to the surcharge, an additional 15-day jail sentence.

Ordered that the sentence is affirmed.

Given the defendant's repeated convictions for driving while intoxicated, we find the sentence imposed upon him was neither harsh nor excessive and does not warrant modification *(see, People v Erali,* 201 AD2d 665; *People v Suitte,* 90 AD2d 80). Further, since the defendant did not receive the maximum term of imprisonment, the imposition of an additional jail term as an alternative to payment of the fine and surcharge was not improper *(see,* CPL 420.10 [4] [d]; *cf., People v Saffore,* 18 NY2d 101; *cf., People v Baker,* 130 AD2d 582; *cf., People v Neff,* 110 AD2d 721). We note, however, that if the

defendant is unable to pay the fine or surcharge, he has the right at any time to apply to the County Court to be resentenced pursuant to CPL 420.10 (5) *(see,* CPL 420.10 [3]). Mangano, P. J., Bracken, O'Brien, Pizzuto and Goldstein, JJ., concur.