OPINION OF THE COURT
Bellacosa, J.
 Defendant appeals by leave of a Judge of this Court from an order affirming his conviction, after a jury trial, of burglary and related offenses. The evidentiary law question is whether the admission of a 911 tape under New York’s present sense impression hearsay exception, where the declarant was available and testified at trial, improperly "bolstered” that victim-witness’s testimony. We hold first that the declarant’s availability at trial does not preclude the admissibility of the tape under that hearsay exception (see, People v Brown, 80 NY2d 729) and that its admission did not constitute improper bolstering in this case.
I
This case arises out of a break-in at a private home in Rochester in the early morning hours of April 18, 1992. The sound of breaking glass awakened the homeowner, who immediately dialed 911 on his cellular telephone and described the unfolding events to the operator. Under standard practice, the call was recorded and preserved, and the integrity of the tape is not in issue.
While speaking to the operator, the owner left his house *504 and saw a figure also departing and carrying the owner’s black briefcase, which contained his camera equipment, all of which had been inside the house moments earlier. The owner described the burglar’s features with great particularity. He added that the perpetrator was wearing dark gray or dark green, midlength, solid-colored, baggy shorts, a white T-shirt, white socks, and white sneakers. This description essentially matched that of the defendant at the time of his arrest, shortly after the break-in.
After leaving the house, the burglar was followed by the owner, who kept talking on his cellular telephone. The burglar got to the main road and then began to run. The owner briefly lost sight of him, but spotted the black briefcase a short distance down the road, next to a driveway leading to a neighbor’s open garage. At that point, two police officers arrived and quickly found the perpetrator lying down in a car inside the neighbor’s garage. He was perspiring and his T-shirt was bloody. The owner identified him to the police as the man who had broken into his home. The police investigation noted a broken window at the owner’s home, and a stain taken from the wall next to that window tested positive for human blood.
At trial, when asked to identify the person who broke into his home, the owner inexplicably did not point to the defendant, but instead identified the deputy sitting next to the defendant. The trial court allowed the victim to testify about his prior identification of the defendant to the police, both before and after the in-court misidentification. That is not in issue here. The court also precluded the police officers from referring to the victim’s prior identification at the scene, and that is also not in issue. Both arresting officers testified that they arrested the defendant in the garage in the presence of the owner and that is the subject of an unpreserved Trow-bridge-type bolstering claim (People v Trowbridge, 305 NY 471; see also, CPL 60.25, 60.30).
The essence of the controversy before us revolves around the trial court’s admission, over a defense objection, of the four-minute tape of the burglary victim’s conversation with the 911 operator. The tape ended shortly before the events that took place at the neighbor’s garage when the police arrived. In a pretrial ruling, the court stated that it would allow the evidence in under the present sense impression exception to the hearsay rule. At trial, the evidence was not *505 objected to as such, but rather, defendant’s objection was based on the availability of the witness to testify and a claimed impermissible "bolstering” of the witness through the use of his prior, consistent, recorded statement. Defendant was convicted on all counts.
The Appellate Division unanimously affirmed, with two Justices concurring separately. The majority held that because the victim-witness was available, the confrontation concerns associated with unavailable witnesses were not implicated. Rather, though it found no error, it saw a potential problem in the bolstering of the victim’s testimony by admitting a prior consistent recorded statement. The Court’s view, with which we agree, was that the evidence was properly admitted because it "did more than mimic the in-court testimony of the owner” (201 AD2d 156, 160). It stated that the tape "gave the jury a temporal and auditory sense of the events” and, thus, "should not be viewed in the same light as a prior consistent written statement” (id.). The two concurring Justices stated that because the witness was available, there was no "pressing need” for the evidence and it should not have been admitted (id., at 163). They further stated that in all cases, the present sense impression exception should be employed only when the declarant is unavailable. The concurring Justices joined the Court to affirm, however, on harmless error grounds.
IL
The 911 tape is hearsay, as an out-of-court statement admitted for the truth of the matter asserted (see, People v Caviness, 38 NY2d 227, 230; Prince, Richardson on Evidence § 8-101, at 497 [Farrell 11th ed 1995]). The purpose of presenting the tape to the jury was to prove the unfolding events described in the burglary victim’s contemporaneously recorded narrative.
This Court recently adopted the present sense impression exception to the rule against hearsay as the law in New York (People v Brown, 80 NY2d 729, supra). Brown presented a similar situation with a different twist, in that the evidence at issue there was a 911 tape of a bystander’s description of the perpetrators of a burglary where the declarant was not fully identified and, therefore, not present or available to testify. In holding that the admission of the tape was proper, the Court added that "spontaneous descriptions of events made substantially contemporaneously with the observations are admissible if the descriptions are sufficiently corroborated by other evi *506 dence” (id., at 734). The corroboration aspect is not in issue in this case.
We left open in Brown, however, the question of whether a declarant must be unavailable before present sense impression evidence is admissible. Defendant in this case argues that dictum in a footnote in Brown signalled this Court’s preference for an unavailability requirement and, in any event, such a threshold is necessary to ensure the evidence’s trustworthiness (People v Brown, supra, at 732, n 1).
We hold that the present sense impression exception does not require a showing of the declarant’s unavailability as a sine qua non to admissibility, though that factor may be weighed by Trial Judges in assessing the traditional probativeness versus undue prejudice calculus for allowing evidence before a petit jury.
A fundamental precept of the law of hearsay is that certain exceptions require that the proponent of the evidence prove the declarant’s unavailability as a witness at trial, while other exceptions treat availability as immaterial (4 Weinstein and Berger, Weinstein’s Evidence fl 804 [a] [01], at 804-40 — 804-41 [1995]; 2 McCormick, Evidence § 253, at 130 [4th ed 1992]; Proposed NY Code of Evidence §§ 803, 804 [1980, 1982, 1991]). For example, unavailability is not required for certain exceptions, such as the business records exception (see, CPLR 4518; Meiselman v Crown Hgts. Hosp., 285 NY 389, 396-397; People v Klein, 105 AD2d 805, 806, affd 65 NY2d 613), the excited utterance exception (see, People v Caviness, 38 NY2d 227, 232, supra; Fisch, New York Evidence § 1000, at 577 [2d ed 1977]), and the exception for official entries (see, CPLR 4520; Fisch, op. cit., § 953, at 550). On the other hand, a declarant’s unavailability is a prerequisite to the admission of statements under several other hearsay exceptions, including the declaration against penal interest (see, People v Thomas, 68 NY2d 194, 197; People v Settles, 46 NY2d 154, 167; People v Brown, 26 NY2d 88, 91), the exception for former testimony (see, CPL 670.10; People v Ayala, 75 NY2d 422, 428, rearg denied 76 NY2d 773; People v Arroyo, 54 NY2d 567, 570, cert denied 456 US 979), and the exception for statements of pedigree and family history (see, Aalholm v People, 211 NY 406, 412).
Neither this Court nor courts of other jurisdictions have fashioned a doctrinal distinction to classify which exceptions to the hearsay rule should require the declarant’s unavailability as a condition for admissibility (4 Weinstein and Berger, *507 op. cit., [[ 804 [a] [01], at 804-40 — 804-41; 2 McCormick, op. cit., § 253, at 130). Rather, that factor and the particular exceptions to which it adheres have developed on the typical case-by-case basis (2 McCormick, op. cit., § 253, at 130). The drafters of the Federal Rules of Evidence, for example, placed exceptions into the "unavailability-needed” category when, in their judgment, the character of the hearsay was not sufficiently or inherently trustworthy to otherwise receive the evidence (Advisory Comm Notes, Fed Rules Evid, rule 804; 4 Weinstein and Berger, op. cit., fl 804 [a] [01], at 804-40). As to the alternative "availability-immaterial” category, Professor McCormick suggests that some exceptions are placed into that grouping because those hearsay statements are by their nature at least as trustworthy as live testimony (2 McCormick, op. cit., § 253, at 130).
Virtually no jurisdiction imposes "unavailability” as an absolute prerequisite to admissibility of present sense impression evidence or its close cousin, the excited utterance (4 Weinstein and Berger, op. cit., ]j 803 [1] [02], at 803-95 — 803-100; see, People v Brown, 80 NY2d 729, 736, supra; see also, Note, The Present Sense Impression, 56 Tex L Rev 1053 [1978]; compare, People v Caviness, 38 NY2d 227, 232, supra; Fisch, op. cit., § 1000, at 577). Moreover, the vast majority of States have adopted some version of rule 803 (1) of the Federal Rules of Evidence, the codification of the present sense impression, which does not require the declarant’s unavailability (4 Weinstein and Berger, op. cit., [f 803 [1] [02], at 803-95 — 803-100). Finally, unavailability was never required at common law (2 McCormick, op. cit., § 271, at 211-213).
That array of authorities and our independent analysis convince us that there is no need in logic or in practical procedural protection terms to add this extra unavailability requirement on a per se basis to the opportunity to offer present sense impression evidence. Moreover, contrary to defendant’s argument here, in Brown this Court simply noted the difference between the 1982 Proposed NY Code of Evidence and the Federal rule, not a preference for one over the other. While the proposed New York Code (1982) would have required the declarant’s unavailability (People v Brown, 80 NY2d 729, 732, n 1, supra), the 1980 proposed version would not have (Proposed NY Code of Evidence § 803 [1] [1980]). The 1991 version omitted this hearsay exception altogether, except to allow for a hybrid common-law development under the "residual,” catch-all exception to the hearsay rule (see, Com *508 ment of NY Law Rev Commn, reprinted in Proposed NY Code of Evidence § 806, at 241 [1991]). These unenacted, fluctuating formulations are of no value to assist in deciding anything at issue in this case.
Significantly, when this Court sought to guarantee the threshold trustworthiness of the exception by adding New York’s unique version of a corroboration element (People v Brown, 80 NY2d 729, 737, supra; see, Note, The Present Sense Impression, 56 Tex L Rev 1053, 1068-1074 [1978]; 2 McCormick, op. cit., § 271, at 214-215), it went beyond the Federal counterpart (Fed Rules Evid, rule 803 [1]). Analogizing to the excited utterance exception, however, the Court reasoned that without the extra assurance of reliability that excitement affords, courts should not admit present sense impressions unless some evidence exists, independent of the statement itself, tending to corroborate that the statement was made "spontaneously] and * * * contemporaneously with the events described” (People v Brown, 80 NY2d 729, 737, supra; compare, People v Brown, 70 NY2d 513, 518; Fisch, op. cit., § 1000, at 576). This case incontrovertibly satisfies that aspect.
Having concluded that admission of a present sense impression does not require the declarant’s unavailability, we note further that in this case the burglary victim’s availability and testimony do not otherwise preclude the admissibility of the 911 tape. As it is undisputed that the 911 call in this case was contemporaneous with the victim’s observations and independently corroborated by much other evidence and, thus, constituted a present sense impression, we conclude that the admission of the tape was also not otherwise error or an abuse of the trial court’s discretion (see generally, Richardson, op. cit., § 1-304, at 17). Of course, trial courts may take into consideration a witness’s availability or actual presence in court when balancing the probative value of present sense impression evidence against the potential for undue prejudice or jury confusion (People v Hudy, 73 NY2d 40, 68 [Wachtler, Ch. J., dissenting]; People v Alvino, 71 NY2d 233, 242; Richardson, op. cit., § 4-103, at 138).
Finally, the notion in this respect that the proponent of such evidence has an obligation to demonstrate some special "necessity” before probative evidence is deemed admissible finds no support in our evidentiary principles. The concurrence adverts to a statement in People v Brown, noting that if *509 an independent witness is "available to testify to the events, there is certainly no pressing need for the hearsay testimony” (80 NY2d 729, 736, supra [emphasis added]). However, that statement merely explains our rejection in Brown of another proposed requirement, that present sense impression evidence be corroborated by an "equally percipient witness” (id.) That explanation in no way was intended to add another component to the opportunity to tender evidence under this newly adopted hearsay exception.
Rather, we wish to reinforce in the application of several evidentiary rubrics to this case that "[all] relevant evidence is admissible unless its admission violates some exclusionary rule” (People v Lewis, 69 NY2d 321, 325; Richardson, op. cit., § 4-101, at 136). Neither Brown nor any other applicable authority requires a novel, threshold showing of "necessity” or "pressing need.” As we have said strongly in another context, the People are "not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them” (People v Alvino, 71 NY2d 233, 245, supra [emphasis added]). Then-Judge Fuld summed up an apt parallel guidepost in his concurrence in Fleury v Edwards (14 NY2d 334, 341): "Absent some strong public policy or a clear act of pre-emption by the Legislature, rules of evidence should be fashioned to further, not frustrate, the truth-finding function of the courts in civil cases.” This reasoning applies as well, within constitutional limits not applicable here, to criminal cases.
IIL
A.
Defendant next argues that admitting the 911 tape in this case improperly "bolstered” the testimony of the victim witness by merely repeating a consistent version of his trial testimony. First of all, as the Appellate Division noted, the character of this evidence is different from typical prior consistent statement material and did far more than "mimic” the in-court recollective testimony. Also, because the 911 tape at issue is admissible under an independent hearsay exception, and because of this Court’s well-established preference for cross-examination of hearsay declarants, we reject the bolstering concept as inapplicable in this case.
The term "bolstering” has doctrinally referred to two dis *510 tinct situations, both related to the rule against hearsay. First, in the context of eyewitness identification, the testimony of a third party (typically, a police officer) to the effect that the witness identified a defendant as the perpetrator on some prior occasion is generally inadmissible under the rule enunciated in People v Trowbridge (305 NY 471, supra; see also, People v Holt, 67 NY2d 819; People v Blue, 155 AD2d 472). The undeviating rationale behind this rule is that such identification evidence is hearsay, not falling within any exception (People v Trowbridge, supra, at 475; People v Jung Hing, 212 NY 393, 401-404; Fisch, op. cit., § 492, at 326). The Legislature has since codified and modified the Trowbridge rule, allowing for some third-party testimony about a previous identification if a witness cannot at trial identify a defendant as the person who committed the crime (see, CPL 60.25; see also, CPL 60.30). That is not a problem in the case before us.
The second common use of the term "bolstering,” and the one applicable here, refers to the fortification of a witness’s testimony and credibility through the use of a prior consistent statement (People v McDaniel, 81 NY2d 10, 16; Crawford v Nilan, 289 NY 444, 450). Such evidence may be admissible, but only to rebut a claim of recent fabrication (People v McDaniel, supra, at 16; People v Davis, 44 NY2d 269, 277). A prior consistent statement is admitted under these limited circumstances as an exception to the hearsay rule (see, People v Baker, 23 NY2d 307, 323; People v Concepcion, 175 AD2d 324, 326, n, Iv denied 78 NY2d 1010; Richardson, op. cit., § 8-615, at 654; Martin, Prior Consistent Statements, NYLJ, June 10, 1994, at 3). Significantly, the prior consistent statement prohibition and exception are anchored to the impeachment and rehabilitation of witnesses (People v Davis, 44 NY2d 269, 277, supra; Crawford v Nilan, supra, at 450).
This Court’s cases discussing the admissibility of prior consistent statements have been uniformly concerned with the rehabilitation of witnesses through the use of statements that are otherwise clearly hearsay but which do not fall within any other exception. Categorically different from the present case, the typical situation involves a witness’s statements to police after time for reflection or statements to close friends or relatives after the crime (see, People v McDaniel, 81 NY2d 10, 19, supra; People v McClean, 69 NY2d 426, 428; People v Davis, 44 NY2d 269, supra; Crawford v Nilan, 289 NY 444, 449, supra). If such statements are not offered in response to a claim of recent fabrication, they are generally inadmissible. *511 Even this Court’s recent decision in People v Seit (86 NY2d 92), which held that it was error to exclude evidence of a 911 call where the witness’s testimony had been attacked as a recent fabrication, involved a pure hearsay statement falling only into the recent fabrication exception, and no other. If a proffered statement also meets the requirements to be admitted as an excited utterance, for example, its admission would be proper, notwithstanding the characterization as a prior consistent statement (see, People v Alberto, 144 AD2d 368; 2 Jones, Evidence § 10:19 at 299 [6th ed 1972] ["the rule * * * is( ) to exclude statements made by a witness which are consistent with his testimony unless they qualify for admission under some conventional hearsay exception” (emphasis added)]).
Thus, merely because a statement suffers some impediment under one hearsay exception does not preclude the proponent of the evidence from satisfying a court that a different, better-fitting exception fully applies. That is when the trial courts then exercise their evaluation of probativeness versus undue prejudice. Here, the 911 tape plainly did not qualify for admission under the prior consistent statement exception, as there was no charge of recent fabrication made. Indeed, it was not even offered on that basis. Nevertheless, because the evidence fulfilled all the requirements independently for the present sense impression exception, it was admissible (cf., Richardson, op. cit., § 8-615, at 654 [details of a prompt outcry rape complaint admissible if statement satisfies an independent hearsay exception]).
Our reasoning that the tape, admissible under the present sense impression exception, does not constitute improper "bolstering” parallels the logic underlying the availability-unavailability dichotomy. To exclude evidence admissible under a hearsay exception for which availability is immaterial, such as we are holding for the present sense impression type, merely because it might also be a prior consistent statement, would mean that the availability of the declarant does matter, especially if the witness also testifies. Such a contradiction would inherently clash with hearsay jurisprudence, which has recognized the distinctions between different types of hearsay exceptions and allows them to operate side-by-side, not mutually exclusively.
B.
The rule against hearsay developed at common law due to *512 an inherent suspicion of testimony that was not subject to cross-examination (2 McCormick, op. cit., § 245, at 95; Richardson, op. cit., §8-102, at 498). In cases involving statements admitted pursuant to hearsay exceptions where the declarant has also testified in court, this Court has consistently not only permitted the use of the statements, but has also cited the declarant’s presence on the witness stand as additional justification for the allowance because of the opportunity to verify and test the statements’ trustworthiness (see, Matter of Danny R., 50 NY2d 1026, 1028; People v Caviness, 38 NY2d 227, 232, supra; Letendre v Hartford Acc. & Indent. Co., 21 NY2d 518).
An example of the importance the Court attaches to the cross-examination of a hearsay declarant is People v Caviness (supra), in which the declarant herself, while on the witness stand as an eyewitness to a murder, testified that moments after the shooting, she exclaimed that " 'Burnis shot Earl’ ” (38 NY2d 227, 229, supra). The Court upheld this statement as an excited utterance and noted that "although not essential for admissibility, there was an added assurance of reliability since the proof of the declaration was by the [testimony of the] declarant who, in taking the stand, was subject to cross-examination” (id., at 232). The Court did not condemn the "availability” feature as bolstering or otherwise block its admissibility as unnecessary. Rather, we countenanced its use and upheld the admission of the evidence (see also, Meiselman v Crown Hgts. Hosp., 285 NY 389, 396-397, supra; Klein v Benrubi, 60 AD2d 548).
Significantly also, in Matter of Danny R. (50 NY2d 1026, 1028, supra), the Court held that a police officer’s testimony that a robbery victim screamed, " 'That’s him’,” when she saw the juvenile in police custody was admissible as an excited utterance notwithstanding the "antibolstering” rule of CPL 60.25 (see, People v Trowbridge, 305 NY 471, supra). In Matter of Danny R., the victim testified and was subject to cross-examination. Though there was no indication that she was unable to identify her attackers in court, the Court still found the excited statement "properly admitted as a spontaneous declaration” (50 NY2d, at 1028, supra, citing People v Caviness, 38 NY2d 227, supra). We specifically held that the rule of CPL 60.25 did not affect "the rule recognizing the admission of such evidence * * * as an exception to the hearsay rule” (Matter of Danny R., supra, at 1028).
In the present case, the witness who communicated the *513 prior statement by the 911 recorded telephone call also testified to the events surrounding the crime. He was vigorously cross-examined, including about his conversation with the 911 operator. Consequently, the admission of the tape is consistent with this Court’s expressed preference for cross-examination, and it does not constitute, under the circumstances presented in this case, an impermissible bolstering that automatically blocks the use and utility of otherwise valid present sense impression evidence.
Our determination in this case is fortified by the powerfully probative nature of this evidence and its inherent individual integrity and reliability. The tape admitted at trial revealed the urgency — and effectiveness, with defendant’s prompt apprehension and arrest — of the owner’s call to 911. It gave the jury a chance to experience the crime as the events unfolded. Only a video recording of the crime in progress would be more reliable and more potent. We know of no evidentiary rule that would — or should — automatically preclude admission of such evidence (see, United States v Inadi, 475 US 387, 395-396; White v Illinois, 502 US 346).
Defendant’s remaining claims have been considered and are likewise without merit.
Accordingly, the order of the Appellate Division should be affirmed.