◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MIELES, Also Known as JUAN RAMOS, Appellant. [640 NYS2d 264] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered April 1, 1992,

convicting him of criminal sale of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the trial court improperly admitted a tape recording made by the undercover officer as he observed the exchange of drugs for money between the defendant and codefendant. The tape consisted of the undercover officer's contemporaneous observations of the exchange. The defendant argues that the tape was improperly admitted as a present sense impression. However, the tape was not admitted as a present sense impression, but as a prior consistent statement to rebut the allegation that the undercover officer's testimony was a recent fabrication (*see, People v McDaniels,* 81 NY2d 10), and the defendant does not argue that admission of the tape for this purpose was improper. Nevertheless, the tape could have been admitted as a present sense impression because it was a spontaneous description, made contemporaneously with the events described, and, under the circumstances of this case, it was sufficiently corroborated (*see, People v Brown,* 80 NY2d 729; *People v Buie,* 86 NY2d 501, 509-513).

The defendant also contends that the trial court improperly permitted the prosecution to introduce evidence of the defendant's prior drug dealings with the codefendant, a prosecution witness. However, this evidence was not introduced to establish the defendant's criminal propensity (*see, People v Hudy,* 73 NY2d 40, 54-55), and the court properly instructed the jurors that they were not to use this evidence for that purpose. The defendant was charged with acting in concert with the codefendant, and their prior drug-dealing relationship was relevant on the issue of the defendant's intent in the charged transactions and to establish a common plan (*see, People v Mascoli,* 166 AD2d 612; *People v Tabora,* 139 AD2d 540).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.