■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN PRATT, Appellant. [655 NYS2d 968] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered November 21, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was deprived of the effective assistance of counsel. However, an examination of "the evidence, the law, and the circumstances of [this] particular case, viewed in totality" (*People v Baldi,* 54 NY2d 137, 147; *People v Flores*, 84 NY2d 184, 187) belies the defendant's claim and shows that he received meaningful representation (*see, People v Flores, supra*, at 187).

The defendant's remaining contention is unpreserved for appellate review (CPL 470.05 [2]; *People v Charleston*, 56 NY2d 886) and, in any event, without merit. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY ROSS, Appellant. [655 NYS2d 539] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered June 21, 1995, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court correctly determined that the statements made to the 911 operator from an anonymous caller qualified as a "present sense impression" inasmuch as they were "spontaneous descriptions of events made substantially contemporaneously with the observation" and "sufficiently corroborated by other evidence" (*People v Brown*, 80 NY2d 729, 734; *see also, People v Vasquez*, 88 NY2d 561; *People v Buie*, 86 NY2d 501). Accordingly, the audiotape recording of the 911 call was properly received in evidence at trial under the "present sense impression" exception to the rule against hearsay (*see, People v Brown, supra*).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.