■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SAGER, Appellant. [673 NYS2d 325] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered September 25, 1996, convicting him of rape in the first degree, assault in the second degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling was not an improvident exercise of discretion (*see, People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). The mere fact that a defendant has committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes (*see, People v Mattiace, supra; People v Pavao, supra; People v McClam*, 225 AD2d 799). The court's ruling that the prosecutor could inquire into the dates and charges of eight misdemeanors, including an attempted assault which the defendant alleged was too similar to the present allegations, did not prevent the defendant from asserting an adequate defense (*see, People v McClainin*, 178 AD2d 495). Mangano, P. J., Bracken, Altman and McGinity, JJ., concur.