■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HUTCHINSON, Appellant. [681 NYS2d 42] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered September 30, 1996, convicting him of burglary in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, after a non-jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling was within its discretion (*see, People v Mattiace,* 77 NY2d 269, 274). The mere fact that a defendant has committed crimes similar to the one charged does not automatically preclude the prosecutor from cross-examining the defendant about them (*see, People v Sager,* 251 AD2d 433; *People v Williams,* 249 AD2d 427). The trial court weighed the competing factors when it limited the prosecutor's inquiry to the dates and facts underlying the defendant's felony and misdemeanor convictions from 1994 to the present (*see, People v Walker,* 83 NY2d 455, 459; *People v McClam,* 225 AD2d 799; *People v Thompson,* 202 AD2d 454, 455).

The defendant's contention that the 911 audio tape was improperly admitted into evidence because it was not authenticated is unpreserved for appellate review (*see, People v Antongiorgi,* 242 AD2d 578; *People v Odiot,* 242 AD2d 308, 309). In any event, given that the tape was sufficiently corroborated, it was clearly admissible under the present sense exception to the hearsay rule (*see, People v Brown,* 80 NY2d 729, 734; *People v Mieles,* 226 AD2d 397, 398).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur.