■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS SAKS, Appellant. [683 NYS2d 278] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered August 8, 1996, convicting him of attempted burglary in the second degree, attempted criminal trespass in the second degree, criminal trespass in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying

his request for a missing witness charge concerning the woman who had called the police emergency number (hereinafter 911) to report an apparent burglary. The argument is without merit. During the 911 call, the woman said that she heard glass breaking, that someone was breaking into the premises, and that she could not see anything. The prosecution demonstrated that the witness was unavailable and not under its control. Moreover, any testimony that the 911 caller could have supplied would have been cumulative (*see, People v Macana,* 84 NY2d 173; *People v Gonzalez,* 68 NY2d 424; *People v Rodriguez,* 38 NY2d 95). The court properly declined to instruct the jury that an adverse inference might be drawn from the People's failure to produce the 911 caller as a witness (*see, People v Macana, supra; People v Gonzalez, supra*).

The defendant's argument that improper comments made by the prosecutor during summation constituted reversible error is without merit. The prosecutor's statements did not so prejudice the defendant as to warrant a new trial. The remedy of reversal " 'is an ill-suited remedy for prosecutorial misconduct' " (*People v Galloway,* 54 NY2d 396, 401; *see, People v Nunez,* 184 AD2d 594). " '[I]ts invocation is properly shunned when the misconduct has not substantially prejudiced a defendant's trial' " (*People v Galloway, supra,* 54 NY2d 396, 401). The trial court gave proper curative instructions to the jury as to what was evidence, and what was opinion and argument on the part of counsel. Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.