■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD LEWIS, Also Known as SIDNEY MOTT, Appellant. [741 NYS2d 705] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered November 4, 1999, convicting him of burglary in the third degree, possession of burglar's tools, criminal trespass in the third degree, criminal mischief in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court correctly determined that the statements made to the police emergency telephone operator at approximately 4:07 A.M. on the night in question did not qualify as present sense impressions since they were not sufficiently corroborated by other independent evidence (*see People v Vasquez,* 88 NY2d 561; *People v Buie,* 86 NY2d 501; *People v Brown,* 80 NY2d 729, 734). The defendant's contention that the second 911 call, which was made by the same caller approximately 90 minutes later, provided the required corroboration is without merit. The caller initially described a different crime in progress, and the second call was made a substantial amount of time after the first call. Furthermore, the second call was hearsay and, therefore, did not constitute independent evidence sufficient to corroborate the first call (*see People v Brown, supra*; *People v Dobbin,* 265 AD2d 193; *People v Hutchinson,* 255 AD2d 396; *People v Thompson,* 253 AD2d 717; *People v Ross,* 237 AD2d 467).

The Supreme Court properly declined to give a missing witness charge regarding the 911 caller. The People demonstrated that the witness was unavailable by establishing that he

refused to testify at the defendant's first trial, and that he had to be brought to that trial in handcuffs pursuant to a material witness order (*see People v Saks,* 256 AD2d 479; *People v Porter,* 268 AD2d 538). Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.