■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BRADLEY, Appellant. [902 NYS2d 142]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered August 20, 2008, convicting him of operating a motor vehicle under the influence of alcohol, operating a motor vehicle without a valid certificate of inspection, and operating a motor vehicle without a safety belt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the admission into evidence of a recording of a witness's telephone call to the 911 emergency number constituted improper bolstering is without merit. The recording was properly admitted as a present sense impression, as the call contained spontaneous descriptions of events made substantially contemporaneously with the witness's observations, and her descriptions were independently corroborated by other evidence (*see People v Buie*, 86 NY2d 501, 508 [1995]; *People v Brown*, 80 NY2d 729, 734 [1993]; *People v Ross*, 237 AD2d 467 [1997]). Therefore, the admission of the re-

cording did not constitute improper bolstering (*see People v Buie*, 86 NY2d at 509; *People v Carr*, 277 AD2d 246 [2000]; *People v Farrell*, 228 AD2d 693 [1996]; *People v Hughes*, 228 AD2d 618 [1996]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of operating a motor vehicle under the influence of alcohol beyond a reasonable doubt is unpreserved for appellate review, as he makes a different argument on appeal from that which he made on his motion to dismiss (*see People v Crawford*, 38 AD3d 680 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]); *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Under the circumstances of this case, and in view of the defendant's repeated convictions of driving while intoxicated, the sentence imposed was not excessive (*see People v Alleyne*, 214 AD2d 575 [1995]; *People v Erali*, 201 AD2d 665 [1994]; *People v Ruquet*, 121 AD2d 482 [1986]). The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for exercising his right to proceed to trial (*see People v Zurita*, 64 AD3d 800 [2009]; *People v Franco*, 48 AD3d 477 [2008]). There was no considerable disparity between the sentence offered prior to trial and the sentence ultimately imposed after trial (*compare People v Riback*, 57 AD3d 1209 [2008], *revd* 13 NY3d 416 [2009]; *People v Morton*, 288 AD2d 557 [2001], *cert denied* 537 US 860 [2002]; *People v Cosme*, 203 AD2d 375 [1994]). Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.