Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered June 15, 2010, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification evidence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) is without merit. The Supreme Court struck an appropriate balance between the probative value of the defendant’s prior crimes on the issue of his credibility and the possible prejudice to the defendant, and the defendant failed to sustain his burden of dem *752 onstrating that the prejudicial effect of the evidence of his prior convictions so outweighed its probative worth that its exclusion was warranted (see People v Seymour, 77 AD3d 976, 978-979 [2010]; People v Myron, 28 AD3d 681, 683 [2006], cert denied 549 US 1326 [2007]).
Furthermore, the recording of the complainant’s call to the 911 emergency number was properly admitted into evidence under the present sense impression exception to the hearsay rule, since it contained the caller’s statements concerning his observations of the defendant, made contemporaneously with those observations (see People v Buie, 86 NY2d 501, 508 [1995]; People v Bradley, 73 AD3d 1198, 1198 [2010]; People v Carr, 277 AD2d 246 [2000]). Thus, the admission of the recording did not constitute improper bolstering (see People v Buie, 86 NY2d at 509; People v Bradley, 73 AD3d at 1198-1199). Moreover, contrary to the defendant’s contention, the recording was properly authenticated, and the People established a proper foundation for the admission of the recording into evidence through the complainant’s testimony (see People v Ely, 68 NY2d 520, 527 [1986]; People v Hampton, 64 AD3d 872, 875 [2009]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
There is no merit to the defendant’s contention, raised in his pro se supplemental brief, that the Supreme Court erred in not suppressing a showup identification and in-court identification by the complainant (see People v Benjamin, 2 AD3d 740, 741 [2003]; People v Bazelias, 220 AD2d 443 [1995]).
The defendant’s remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.