People v Torres (2018 NY Slip Op 08337)





People v Torres


2018 NY Slip Op 08337


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-08201
2017-08075
 (Ind. No. 10111/14)

[*1]The People of the State of New York, respondent,
v
Raymond Torres, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered July 13, 2016, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court dated August 2, 2016. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment and resentence are affirmed.
The defendant was arrested after police officers stopped a vehicle in which he was a passenger after receiving a radio transmission regarding a burglary committed at a bodega. The defendant's contention that the police officers lacked reasonable suspicion to stop the vehicle was not asserted at the suppression hearing and, thus, is unpreserved for appellate review (see CPL 470.05[2]; People v Brooks, 11 AD3d 705). In any event, the contention is without merit. The police officers had reasonable suspicion to stop the vehicle based upon the radio transmission indicating the type and color of the vehicle driven by the perpetrators of the burglary (see People v Ceruti, 133 AD3d 610,611). Moreover, the vehicle was stopped in close geographical and temporal proximity to the crime, as the stop occurred about five minutes after the transmission was received, only about 15 blocks from the scene of the crime, and in the early morning hours, when traffic conditions were very light (see People v Young, 68 AD3d 1761).
There is no merit to the defendant's claim of ineffective assistance of counsel based upon his counsel's failure to move to reopen the suppression hearing (see People v Gray, 27 NY3d 78; People v Robles, 116 AD3d 1071).
The defendant's contention that the Supreme Court erred in admitting into evidence at the trial a surveillance video depicting the burglary is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. The video was properly authenticated by the testimony of an employee of the bodega who was familiar with the surveillance system, as well as the testimony of the police officer who obtained a copy of the video recording and vouchered it (see People v Patterson, 93 NY2d 80, 84; People v Costello, 128 AD3d 848).
We agree with the Supreme Court's determination to admit into evidence at the trial a recording of a 911 emergency telephone call made by an unidentified caller. The recording was admissible under the present sense impression exception to the hearsay rule (see People v Buie, 86 NY2d 501, 506; People v Pooler, 98 AD3d 751, 752; People v Bradley, 73 AD3d 1198; People v Osbourne, 69 AD3d 764, 765). Moreover, the admission of the recording did not violate the defendant's right of confrontation. Since the primary purpose of the statements by the unidentified caller was to obtain an emergency response to a burglary in progress, the statements were not testimonial in nature (see People v Conyers, 33 AD3d 929, 930). The defendant's claim that the recording was improperly admitted into evidence because it was not authenticated is unpreserved for appellate review (see People v Hutchinson, 255 AD2d 396). In any event, his contention is without merit. The recording was properly authenticated by a 911 technician and operator, who testified that all 911 calls are recorded, kept in the regular course of business, and documented by date, time, and location of the incident. Further, that person testified that, after retrieving the recording, she emailed a copy to the People. She testified that she had listened both to the email copy sent to the People and the copy that was introduced at trial, and that the copy introduced at trial was a fair and accurate representation of the copy she emailed to the People (see People v Patterson, 93 NY2d at 84; People v Ely, 68 NY2d 520, 527-528).
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court