The People of the State of New York, Respondent, 
against
Indhira Gil, Appellant.




Appellate Advocates (Samuel Barr of counsel), for appellant.
Kings County District Attorney (Jodi L. Mandel and Leonard Joblove of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered December 14, 2016. The judgment convicted defendant, upon a jury verdict, of common-law driving while intoxicated, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
After defendant had crashed her vehicle into a parked van, she was charged, in a misdemeanor complaint, with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). At a jury trial, the Criminal Court admitted into evidence the recording of a 911 telephone call by a witness who had happened upon defendant shortly after the accident. Among other statements made during the call, the witness described the defendant as "drunk." Following the trial, defendant was convicted of the charge. Defendant appeals, arguing that the Criminal Court erred in admitting certain portions of the 911 recording under the present sense impression exception to the hearsay rule and that those portions constituted improper bolstering.
We initially note that defendant's contention is only partially preserved for appellate review (see CPL 470.05 [2]). In any event, the full recording was properly admitted as a present sense impression, including the characterization that defendant was "drunk" (see e.g. People v Long, 34 Misc 3d 151[A], 2012 NY Slip Op 50300[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), because the call contained spontaneous descriptions of events made substantially contemporaneously with the witness's observations, and her descriptions were independently corroborated by other evidence (see People v Buie, 86 NY2d 501, 508 [1995]; People v Brown, 80 NY2d 729, 734 [1993]; People v Bradley, 73 AD3d 1198 [2010]; People v Ross, 237 AD2d 467 [1997]). Moreover, the admission of the recording did not constitute improper bolstering (see People v Buie, 86 NY2d at 509; People v Bradley, 73 AD3d at 1198-1199; People v Carr, [*2]277 AD2d 246 [2000]). Further, any error in allowing the jury to hear the portion of the 911 tape characterizing defendant as "drunk" was harmless in light of the overwhelming evidence of defendant's guilt and the absence of any significant probability that any error contributed to her conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 05, 2019